IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

P.S. and C.S. by their Guardians,
LINDA NELSON AND RANDALL NELSON,

        Plaintiffs,

v.                                          Case No: 07-2210-JWL-DJW

THE FARM, INC.,

        Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Partially Quash Plaintiffs' Subpoena for Business Records (doc. 27). For the reasons stated below, Defendant's Motion will be denied.

## Background

The Farm, Inc. ("TFI") contracts with the Kansas Department of Rehabilitation and Social Services ("SRS") to provide several services for children in SRS's custody, including foster care placements. This is a negligence case arising out of one of those placements.

On or around Feburary 24, 2003, TFI placed Plaintiffs P.S. and C.S. with Roy and Janet Bartram, licensed foster parents in the State of Kansas. Plaintiffs P.S. and C.S. remained in Roy and Janet Bartram's home until March 5, 2004, at which time they were placed with their grandparents, the Nelsons.

The Complaint alleges that from February 24, 2003 through March 5, 2004, both minor Plaintiffs were physically and sexually abused by Nathan Bartram, the teen-aged son of Roy and Janet Bartram. The Complaint further alleges that TFI had acutal knowledge that P.S. and C.S. were being phycially and sexually abused by Nathan Bartram and that, despite this actual knowledge, TFI failed to act or take any steps to protect P.S. and C.S. from the harm they suffered while in the

Bartram foster home. TFI contends that it did not know, nor should it have known, that Nathan Bartram was a danger to P.S. and C.S.

On May 14, 2007, Plaintiffs filed this negligence lawsuit against TFI. As part of the discovery process, Plaintiffs sent notice to TFI by electronic mail that Plaintiffs intended to issue a business record subpoena to SRS for SRS records relating to the foster care of twenty-eight (28) foster children placed in the Bartram foster home between 1998 and 2004, including C.S. and P.S. TFI filed a motion to quash this subpoena with respect to the four foster children named in the subpoena (H.B., A.B., B.H., and S.S.) who were placed in the Bartram home from April 23, 2004, to April 27, 2004. TFI takes the position that because these four foster children were placed in the Bartram home after Plaintiffs were removed from the Bartram home, these records are not relevant.[1]

## Discussion

**A.    Standing to Quash**

Before the Court turns to the merits of the parties' arguments regarding quashing the subpoena, the Court must first determine whether TFI has standing to move to quash it. Generally speaking, a party to the lawsuit does not have standing to quash a subpoena served on a nonparty.[2] A motion to quash a subpoena "may only be made by the party to whom the subpoena is directed

---

[1]Defendant does not appear to contest Plaintiffs' request to the SRS to produce records relating to the other twenty-four foster children placed in the Bartram foster home.

[2]*Reliastar Life Ins. Co. v. Warrior*, 06-2486-CM-DJW, 2007 WL 2669558, at *4 (D. Kan. Sept. 7, 2007) (citing *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *1 (D. Kan. July 8, 2002); *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n. 2 (D. Kan. 2000); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999)).

except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."[3]

Thus, for TFI to bring this motion to quash, it must have a personal right or privilege with respect to the subject matter of the documents requested in the subpoena. The Court concludes that TFI does have such a personal right, as the SRS records contain information pertaining to the health and welfare of children placed by TFI into foster homes.[4] The Court finds this sufficient to confer standing on TFI to move to quash the subpoena.

**B.     Merits of Motion to Quash**

The Court will now turn to the merits of the parties' arguments as to whether the subpoena should be quashed. Federal Rule of Civil Procedure 45(c)(3)(A) sets forth the grounds upon which the Court must quash a subpoena. It provides, in pertinent part, that a court "shall quash or modify [a] subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies."[5] The party moving to quash a subpoena has the burden to demonstrate good cause

---

[3] *Id.* (citing *Stewart*, 2002 WL 1558210, at *1; *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995)).

[4] *See id.* (holding Warrior had personal interest in investigative file because it contained information pertaining to the alleged murder of Warrior's husband and to the shooting of Warrior in the same attack); *Stewart* at *2 (holding defendant employee had personal right with respect to information contained in his former employer's personnel file, and therefore had standing to move to quash subpoena of personnel file); *Zhou v. Pittsburg State Univ.*, No. 01-2493, 2002 WL 1932538, at *1 (D. Kan. July 25, 2002) (defendant employer had personal right with respect to EEOC investigative file regarding discrimination charge lodged against defendant, and therefore defendant had standing to move to quash subpoena of said file).

[5] Fed. R. Civ. P. 45(c)(3)(A)(iii). The other grounds for quashing a subpoena (e.g., undue burden, failure to allow reasonable time for compliance) are not asserted here and therefore need not be addressed.

and the privilege to be protected.[6] TFI objects to the subpoena on the basis that the document request contained therein seeks irrelevant documents. TFI also objects on the basis that the subpoena seeks confidential documents.

### 1. Relevance

Irrelevance is not contained within Rule 45's list of enumerated reasons for quashing a subpoena. It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34.[7] Thus, the Court must examine the relevancy of a subpoena duces tecum under the same standards set forth in Rule 26(b) and applied to Rule 34 requests for production.[8]

Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[9] A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[10] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of

---

[6] *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

[7] See Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). See also 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 2459 at p. 42 (2d ed.) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rule 26(b) and Rule 34).

[8] *Stewart*, at *3 (applying general principles of overbreadth and relevance to subpoena duces tecum) (citation omitted).

[9] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).

[10] *Id.* (citations omitted).

relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[11] Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.[12]

Plaintiffs contend discovery of the information sought may lead to admissible evidence about "defendant's responsibilities and duties for providing foster care; knowledge of alleged acts committed by [Bartram's teenaged son]; whether defendant exercised ordinary care of services it undertook; what defendant knew about 'exactly what happened and when' . . . [and] facts relating to comparative fault." Given Plaintiff's contentions, the Court finds that the request SRS records relating to the four foster children placed in the Bartram home after Plaintiffs were removed from the Bartram home appear relevant on their face and TFI has failed to convince the Court otherwise. The information and documents sought are relevant to the heart of Plaintiffs' claims: whether TFI knew or had reason to know that physical and sexual abuse was taking place at the Bartram foster home. Thus, the Court finds that information and documents sought from SRS on the four minors who were placed in the Bartram home after March 2004 are reasonably calculated to lead to the discovery of admissible evidence and are "relevant" for the purposes of discovery. The Court therefore overrules TFI's relevancy objections to these subpoenas.

---

[11] *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999).

[12] *Steil v. Humana, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000).

**2.    Confidentiality**

TFI also objects to the subpoena on the grounds that it seeks private and confidential information. TFI fails, however, to recognize that a movant may not rely on the confidential nature of documents as a basis for quashing a request to produce them, inasmuch as "[c]onfidentiality does not equate to privilege."[13] Especially in a case such as this where a Protective Order regarding confidentiality of the referenced records is already in place.[14] Accordingly, the Court will overrule TFI's confidentiality objection to the subpoena.

For the reasons stated above, Defendant's Motion to Partially Quash Plaintiffs' Subpoena for Business Records (doc. 27) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 27th day of December, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties

---

[13] *Jones v. Wet Seal Retail, Inc.,* 245 F.R.D. 724, 726 (D. Kan. 2007) (citations omitted).

[14] *See* October 31, 2007 Stipulated Protective Order (doc. 18).