### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

P.S. and C.S., by their Guardians,
LINDA NELSON and RANDALL NELSON,

        Plaintiff,

v.                                Case No: 07-2210-JWL-DJW

THE FARM, INC.,

        Defendant.

### MEMORANDUM AND ORDER

Pending before the Court is Defendant The Farm, Inc.'s ("Defendant") Motion to Compel (doc. 78). More specifically, Defendant moves to compel Plaintiffs' Guardian(s) to sign an authorization for the release of medical records, educational records, law enforcement agency files, and state agency files related to the Plaintiff children. Defendant further moves for an award of sanctions in the form of attorney's fees and costs associated with the filing of this Motion.

**I. Background**

This is a negligence action in which Plaintiffs assert that Defendant was negligent with regard to the placement and supervision of Plaintiffs, while in foster care. Plaintiffs allege that while in foster care, they were physically and sexually abused by the then-teenage son of their foster parents, Roy and Janet Bartram. Plaintiffs claim that Defendant had actual knowledge of the abuse and failed to act or take steps to protect them. Plaintiffs seek damages for the alleged abuse, as well as the emotional damage they suffered as a result of the alleged abuse, including medical expenses for past and future therapy, hospitalization, and medications.

**II. Defendant's Request to Compel Signature(s) on Authorization**

The issue before the Court is whether the Court should compel Plaintiffs' Guardian(s) to sign an authorization for the release of medical records, educational records, law enforcement agency files, and state agency files related to the children.

It is unclear whether Defendant moves pursuant to Fed. R. Civ. P. 34 or Fed. R. Civ. P. 45, therefore, the Court will address each Rule as it applies to this Motion.

**A. Rule 34**

The purpose of Rule 34 is to make all relevant documents, tangible things, and entry upon designated land or other property in the possession of one party available to the other party.[1] "Rule 34 requires that the party upon whom the request is served must be in possession, custody, or control of the requested item."[2] However, a "party need not have actual possession of documents to be deemed in control of them. A party that has a legal right to obtain certain documents is deemed to have control of the documents."[3] The relationship between the person or entity in possession of the document and the party is fundamental to each case.[4]

Here, the records sought by Defendant appear to be documents or tangible items as defined by Rule 34. It also appears that Plaintiffs do not have actual possession or custody of the records. "Because the [Nelsons] did not obtain custody of the plaintiffs until March 2004, they did not have

---

[1] *Equal Employment Opportunity Commission v. Thorman & Wright Corp.*, 243 F.R.D. 426, 429 (D. Kan. 2007).

[2] *Id.*

[3] *Id.* (quoting *DirecTV, Inc. V. Hess*, No. 04-2233-GTV-DJW, 2005 WL 375668, at *1 (D. Kan. Feb. 9, 2005)).

[4] *Id.*

access to or have knowledge about plaintiffs' records predating this placement."[5]  Thus, Plaintiffs are not in control of the records Defendant seeks to obtain.  Because Plaintiffs are not in possession, custody, or control of the requested records, Rule 34 is not applicable.

### B.  Rule 45

Rule 45 sets forth the appropriate procedure to compel a non-party to produce documents, which is to serve them a subpoena in accordance with Rule 45.  "It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own order."[6]

Rule 45 is applicable to this Motion.  Defendant has, in fact, tried to secure copies of the requested documents via subpoena to no avail.  Because moving to compel each of the separate entities to produce the requested documents pursuant to Rule 45 would be terribly time consuming, Defendant asserts that judicial economy supports compelling Plaintiffs' Guardian(s) to execute the appropriate releases.  The Court agrees.  To that end, however, the Court finds that a general, blanket release is inappropriate, particularly when, as here,  specific authorizations can be generated for each of the subpoenaed records.  In light of this discussion, the Court will compel Plaintiffs' Guardian(s) to sign specific authorizations which are generated for each of the subpoenaed records for which Defendant has been unable to obtain, but the Court will not compel Plaintiffs' Guardian(s) to sign a general, blanket release.

---

[5] Pl.'s Resp. To Def.'s Mot. To Compel (doc. 89) at 3, fn. 1.

[6] *Thorman & Wright Corp.*, 243 F.R.D. at 429.

### III.  Defendant's Request for Sanctions

Defendant also requests they be awarded the attorney's fees and costs that they have incurred in connection with bringing this Motion to Compel.  The Court is granting in part and denying in part the Motion to Compel.  Under the circumstances, the Court does not find the imposition of sanctions under Fed. R. Civ. P. 37(a)(4)(C) to be warranted.  Defendant's request for sanctions will be denied, and each party shall bear his own costs and expenses incurred in connection with the Motion to Compel.

For the reasons stated above, Defendant's Motion to Compel (doc.78) is granted to the extent that Plaintiffs' Guardian(s) are compelled to sign releases specific to each subpoena for which Defendant has not received positive responses. The release shall relate only to the specific documents requested in the subpoena. If the parties have a dispute about the description of the documents covered by the subpoena and the release, that dispute shall be brought to the Court by either a motion to compel or a motion for protective order. The motion is denied to the extent that the Court will not compel Plaintiffs' Guardian(s) to sign a general, blanket release.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 18th day of January, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties