IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

P.S. and C.S., by their Guardians, )
LINDA NELSON and RANDALL NELSON, )
                                                                           )
                    Plaintiffs, )
v.                                                      )   Case Number: 07-2210-JWL-DJW
                                                         )
THE FARM, INC., )
                    Defendants. )
                                                         )

AGREED PROTECTIVE ORDER

NOW, on this 12th day of February, 2008, this matter comes before the Court. The Farm, Inc. ("TFI") appears by counsel, Brooke Bennett Aziere, of Foulston Siefkin LLP. KVC Behavioral HealthCare, Inc., a non-party recipient of a subpoena to produce documents in this case, appears by its attorney, Daniel J. Gronniger.

The Court, having reviewed the file, heard the arguments of counsel, and reviewed the relevant statutes, finds:

1.    TFI is a Kansas not-for-profit corporation with its principal place of business in Emporia, Kansas. KVC is a Kansas not-for-profit corporation with its principal place of business in Olathe, Kansas.

2.    Both TFI and KVC contract with the State of Kansas through the Kansas Secretary of Social and Rehabilitation Services to provide child welfare services to children who have been placed in the custody of the Kansas Secretary of Social and Rehabilitative Services and adjudicated as "children in need of care" by state courts under K.S.A. Chapter 38, Article 22 (after January 1, 2007) or K.S.A. Chapter 38, Article 15 (prior to January 1, 2007).

3.    The services provided by TFI and KVC for children whom Kansas state courts have

found to be "children in need of care" constitute "health care" as that term is broadly described in 45 C.F.R. 160.103 of the HIPAA Privacy Regulations.  By virtue of the "health care" TFI and KVC provide for children-in-need-of-care, TFI and KVC are each a "health care provider" and a "covered entity" as those terms are defined in 45 C.F.R. 160.103.  The information that TFI and KVC collect or create about the children-in-need-of-care is "individually identifiable health information" as defined in 45 C.F.R. 160.103 and "protected health information" as defined in 45 C.F.R. 164.501.  A covered entity's disclosure of "protected health information" must be a disclosure authorized or permitted under 45 CFR 164.502 (uses and disclosures of protected health information: general rules); 45 CFR 164.504 (uses and disclosures: organizational requirements); 45 CFR 164.506 (uses or disclosures to carry out treatment, payment, or health care operations); 45 CFR 164.510 (uses and disclosures requiring an opportunity for the individual to agree or to object); or 45 CFR 164.512 (uses and disclosures for which an authorization or opportunity to agree or object is not required).

4. The Kansas Judicial Council acknowledged the application of the HIPAA Privacy Regulations to child-in-need-of-care cases when the Council included a standard HIPAA order in the Judicial Council's Ex Parte Order of Protective Custody, Temporary Custody Order, Order of Adjudication, and Order of Disposition forms, which are available at http://www.kscourts.org/Kansas-Courts/Judicial-Council/Forms/care-of-children.asp.

5. The documents created or collected by TFI and KVC while providing services to children-in-need-of-care fall within the definition of "agency records" under K.S.A. 38-2209(a)(2) of the Revised Code for Care of Children.  TFI and KVC are required to treat information about individuals in their "agency records" confidentially under K.S.A. 38-2209(a).  Unauthorized disclosures of confidential information in "agency records" are misdemeanors that may be punished by a fine or imprisonment under K.S.A. 38-2209(b).  The confidential information in "agency

records" may only be disclosed as permitted in K.S.A. 38-2212.

6. On January 22, 2008, TFI caused a subpoena to be issued and served upon KVC that requires KVC to produce certain documents described in Subpoena Exhibit A at the offices of Foulston Siefkin, LLP in Wichita, Kansas on February 8, 2008. A true and accurate copy of TFI's Subpoena and its Exhibit A is attached to this Agreed Order.

7. KVC possesses some documents that fall within some of the eight categories and subcategories of the documents requested by TFI and described in Subpoena Exhibit A, but KVC does not possess documents satisfying all eight categories and subcategories.

8. The documents in KVC's possession that fall within some of the categories and subcategories of documents described in Subpoena Exhibit A were all collected or received by KVC in the course of providing services to children who have been placed in the custody of the Kansas Secretary of Social and Rehabilitative Services and adjudicated as "children in need of care." As such, those documents are "agency records" under the Revised Code for Care of Children and disclosures must satisfy K.S.A. 38-2212.

9. There is no provision in K.S.A. 38-2212 that permits KVC to disclose confidential information in its "agency records" to TFI under the circumstances presented here – pursuant to a subpoena issued by a party in a civil lawsuit to a non-party to aid in the party's defense. There also is no provision in the HIPAA Privacy Regulations that permits KVC to disclose "protected health information" to TFI under these circumstances.

10. The HIPAA Privacy Regulations, 45 C.F.R. 164.512(e)(1)(i), would permit KVC to disclose protected health information in the subpoenaed documents to TFI pursuant to a court order. The Revised Code for Care of Children, K.S.A. 38-2212(e), permits a court of competent jurisdiction to hold an in camera inspection of agency records and make appropriate orders regarding

disclosure or non-disclosure.

11. KVC requests the Court, following the conclusion of proceedings in this case, to direct the Clerk of the Court to destroy any documents that KVC may produce and which the Court may order disclosed in the course of this case.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, the Court orders KVC to deliver the documents in its possession that satisfy TFI's subpoena to the Court for the Court's in camera inspection and subsequent orders. The Court directs KVC to deliver those documents within ten (10) days following the entry of this Agreed Order.

IT IS SO ORDERED THIS 12TH DAY OF FEBRUARY, 2008.

                                        s/ David J. Waxse
                                        HONORABLE DAVID J. WAXSE
                                        UNITED STATES MAGISTRATE JUDGE

**Prepared and Approved by:**

  s/Daniel J. Gronniger
Daniel J. Gronniger – Ks. S. Ct. No. 13222
KVC BEHAVIORAL HEALTHCARE, INC.
3712 SW Burlingame Road, Suite A
Topeka, KS 66609-1217
Phone 785-861-3607
Fax 785-266-8963
dgronniger@kvc.org
Attorney for KVC Behavioral HealthCare, Inc.

**Approved by:**

  s/Brooke Bennett Aziere
Brooke Bennett Aziere, #21157
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
Phone: 316.267.6371
Fax: 316.267.6345
Email: baziere@foulston.com
Attorney for Defendant

<u>s/Michaela Shelton</u>
Michaela Shelton, #16440
Shelton Law Office, P.A.
8417 Santa Fe, Ste. 205
Overland Park, KS 66212
Phone: 913.341.3001
Fax:  913.341.4289
Email:  attorney@sheltonlawoffice.com
Attorney for Plaintiffs