# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

P.S. and C.S., by their Guardians,
LINDA NELSON and RANDALL NELSON,

      Plaintiff,

v.     Case No: 07-2210-JWL-DJW

THE FARM, INC.,

      Defendant.

## ORDER

The issue presented to the Court is whether to allow the documents delivered for *in camera* inspection by Kaw Valley Center Behavioral Healthcare, Inc. ("KVC") to be disclosed pursuant to Defendant The Farm's subpoena. Specifically, the Court must determine whether the documents "are necessary for the proceedings of the court and otherwise admissible as evidence."[1]

K.S.A. 38-2212(e) states that "a court of competent jurisdiction, after an in camera inspection, may order disclosure of confidential agency records pursuant to a determination that the disclosure is in the best interests of the child who is the subject of the reports or that the records are necessary for the proceedings of the court and otherwise admissible as evidence." K.S.A. 38-2212(e) further states that "[t]he court shall specify the terms of disclosure and impose appropriate limitations."[2]

The Court has completed its *in camera* review and determined that some, but not all, of the documents should be disclosed in accordance with K.S.A. 38-2212(e) as "necessary for the

---

[1] K.S.A. 38-2212(e).

[2] *Id*.

1

proceedings of the court and otherwise admissible as evidence." To aid the parties and KVC, the Court has numbered the reviewed documents, as 1 through 94, in red ink on the top, right hand corner of each page. These numbers will be used to explain which documents KVC is ordered to disclose.

Upon *in camera* review of the documents produced to the Court by KVC, the Court has concluded that documents numbered 1 through 22 and 57 through 94 are "necessary for the proceedings of the court and otherwise admissible as evidence." These documents are to be disclosed to the parties and shall be subject to the parties' Stipulated Protective Order (doc. 18) already on file in this case. Documents numbered 23 through 56 pertain to an unrelated, unsubstantiated allegation made to the Kansas Child Abuse/Neglect Hotline against a person who is not the focus of the claims in the present case . Due to the nature of the documents numbered 23 through 56, the Court finds that these documents are not necessary for the proceedings of the court and are, therefore, not to be disclosed by KVC. The Court will return the submitted documents to KVC with the pages numbered. KVC shall then produce the documents numbered 1 through 22 and 57 through 94 pursuant to Defendant The Farm's subpoena.

IT IS THEREFORE ORDERED that KVC produce documents numbered by the Court as 1 through 22 and 57 through 94 pursuant to Defendant The Farm's subpoena.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 6th day of March, 2008.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:     All counsel, *pro se* parties, and
        Daniel J. Gronniger, Attorney for KVC,
        3712 SW Burlingame Road, Suite A,
        Topeka, KS 66609-1217
        dgronniger@kvc.org