**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

P.S. and C.S., by their Guardians,
LINDA NELSON and RANDALL NELSON,

        Plaintiffs,

v.                                      Case No: 07-2210-JWL-DJW

THE FARM, INC., ROY BARTRAM,
JANET BARTRAM, and WYANDOT
CENTER FOR COMMUNITY BEHAVIORAL
HEALTHCARE, INC., formerly WYANDOT
MENTAL HEALTH CENTER, INC,

        Defendants.

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court are Plaintiffs' Motion for Leave to File First Amended Motion to Compel Out of Time ("First Motion for Leave") (doc. 127) and Plaintiffs' Motion for Leave to file Plaintiffs' Second Motion to Compel Out of Time ("Second Motion for Leave") (doc. 130). Specifically, the Court must determine whether Plaintiffs have established excusable neglect, warranting an Order granting their Motions.  For the reasons state below, the Court denies Plaintiffs' Motions.

### I.  Background

This is a negligence action in which Plaintiffs assert that Defendant was negligent with regard to the placement and supervision of Plaintiffs, while in foster care.  Plaintiffs allege that while in foster care, they were physically and sexually abused by the then-teenage son of their foster parents, Roy and Janet Bartram.  Plaintiffs claim that Defendant had actual knowledge of the abuse and failed to act or take steps to protect them.  Plaintiffs seek damages for the alleged abuse, as well

as the emotional damage they suffered as a result of the alleged abuse, including medical expenses for past and future therapy, hospitalization, and medications.

Plaintiffs served Defendant The Farm, Inc. ("TFI") with their First Request for Production of Documents on November 2, 2007.  On January 2, 2008, TFI served its responses to Plaintiffs' First Request for Production of Documents.  In its responses, TFI provided bates numbers for each document that corresponded with each request, in order to make it clear which documents were responsive to each request.  TFI produced over 700 documents in response to Plaintiffs' First Request for Production of Documents.  TFI's Supplemental Disclosures, containing ninety-two documents, were served on January 8, 2008.

Plaintiffs' First Motion to Compel was due on February 1, 2008; Plaintiffs' Second Motion to Compel was due on February 7, 2008.  Plaintiffs' First Motion for Leave was filed on February 18, 2008; their Second Motion for Leave was filed on February 26, 2008.

The First Motion to Compel that Plaintiffs seek to file out of time appears to compel TFI to produce documents responsive to Request No. 5.  Request No. 5 seeks "Any and all documents, including the entire case file, electronic mail communication, and Form 490, relating to children placed in the Bartram home from January 1, 1998 to January 1, 2004 . . . ."  The request further lists the names of twenty-two children whose names closely resemble the names of children who were placed in the Bartram home and asks that TFI produce documents relating to those children and any others placed in the Bartram home during the time frame provided.

The Second Motion to Compel that Plaintiffs seek to file out of time involve TFI's Supplemental Disclosures.  TFI redacted certain information from the documents produced in its Supplemental Disclosures, including the names of foster children other than Plaintiffs and the names

2

of foster families other than the Bartrams.  Some documents also had blacked out portions and Plaintiffs understood some documents to be missing.  TFI explained that the blacked out information was a mistake resulting from a problem with scanning software.  TFI further explained that documents claimed as missing do not actually exist.  These problems appear to have been resolved.

## II. Discussion

A motion to compel must be "filed and served within 30 days of the . . . service of the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown."[1]  D. Kan. Rule 6.1(a) states that extensions of time "will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."[2]  To determine a showing of excusable neglect, courts consider the following four factors: "(1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings."[3]  Plaintiffs, as the moving party, have the burden of proving excusable neglect.[4]

### A.  Good Faith

---

[1]D. Kan. Rule 37.1(b).

[2]D. Kan. Rule 6.1(a).

[3]*ICE Corp. v. Hamilton Sundstrant Corp.*, No. 05-4135-JAR, 2007 WL 4239454, at *1 (D. Kan. Nov. 30, 2007) (citing *Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 295 (D. Kan. 2000)).

[4]*Fernandes v. United States*, 169 F.R.D. 372, 374 (D. Kan. 1996) (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 n.5 (10th Cir. 1990); *Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., Inc.*, 837 F.2d 423, 426 (10th Cir. 1988)).

The first factor the Court will consider is whether Plaintiffs acted in good faith.  Here, there is no evidence establishing that Plaintiffs acted without good faith in filing both Motions for Leave. This factor, thus, tends to support a finding of excusable neglect.

### B.  Reason for Delay

The next factor the Court will consider is the "reason for delay" factor.  This is "perhaps the most important single factor."[5]  The reason for delay "need not arise from circumstances beyond the movant's control, but inadvertence or mistake in construing the rules does not usually constitute excusable neglect."[6]

Plaintiffs' counsel first contacted counsel for TFI on January 18, 2008 to attempt to resolve issues regarding Plaintiffs' First Motion for Leave.  However, in Plaintiffs' counsel's January 18 email, she informed TFI's counsel that she would be out of her office until January 31, 2008 "and I will not be in a position to respond to any communication between now and then."  Plaintiffs' counsel did not make contact again regarding these issues until February 5, 2008, three days after the deadline for filing the First Motion to Compel.  Plaintiffs were aware on January 18, 2008 that they did not have every document that they requested.  Furthermore, had Plaintiffs' counsel checked her email later that day or any day before February 2, 2008, she would have known, upon receipt of the January 18 email response, that TFI did not intend to produce the requested documents. Plaintiffs claim that they reasonably believed that TFI would produce the requested documents. However, in TFI's responses to Plaintiff' First Request for Production, TFI provided bates numbers

---

[5]*Magraff v. Lowes HIW, Inc.*, 217 Fed. Appx. 759, 761 (10th Cir. 2007) (citing *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[6]*Id*.

4

for each document that corresponded with each request.  Therefore, by reading the responses, Plaintiffs should have been able to quickly identify what requested documents had not been produced.  They further claim that over 10,000 pages of discovery was received from TFI.  This is not a persuasive argument for failing to file a motion for extension of time to file a motion to compel.

The Scheduling Order in this case (doc. 9) states that "[a]ny motion to compel discovery . . . shall be filed within 30 days of the . . . service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown." Therefore, not knowing or understanding the 30-day deadline for filing a motion to compel is not a valid excuse.  The Court finds no valid reason for Plaintiffs' failure to file, at the very least, a motion for extension of time before the February 2, 2008 deadline.

Regarding the discovery at issue in the Second Motion for Leave, Plaintiffs' counsel waited until February 18, 2008, eleven days after the deadline to file a motion to compel, to contact TFI's counsel to attempt to resolve the problems.  The Second Motion to Leave was not filed until February 26, 2008, nineteen days after the deadline to file a motion to compel.  As stated above, the rule regarding the filing of motions to compel discovery was clearly set forth in the Scheduling Order for this case.  Therefore, there is no reason for waiting so long after the deadline has passed to even contact opposing counsel to attempt to resolve the issue.  In the Second Motion for Leave, Plaintiffs point out that they have received over 11,000 pages of discovery from TFI and that they had no reason to believe that information would be redacted.  However, the Court does not find this to be establish excusable neglect for failing to, at least, file a motion for extension of time.  This factor weighs against a finding of excusable neglect.

### C.  Prejudice to TFI

The next factor the Court will consider is whether TFI will be prejudiced by the granting of the Motions for Leave.  In both Motions for Leave, Plaintiffs claim that TFI will not be prejudiced by the granting of the Motions.  The reasons stated for this conclusion is that new parties have been joined, requiring further discovery, the original discovery deadline has not expired,[7] and the Motions are requesting "mere fourteen day"[8] and "mere twenty-two day"[9] extensions.  In response, TFI argues that Plaintiffs' counsel's refusal to communicate with counsel for TFI continues to prejudice it.  TFI understood Plaintiffs' silence regarding the discovery produced, and not produced, as evidencing that any dispute had been waived.  TFI further argues that they have a right to rely on the deadline.  While TFI knew of a dispute with regards to the First Motion for Leave as of January 18, 2008, evidenced by Plaintiffs' counsel's email, TFI had no indication that there were any problems with the Supplemental Disclosures, at issue in the Second Motion for Leave, until eleven days after the deadline for Plaintiffs to file a motion to compel.  The Court finds that there is at least some prejudice to TFI.  This factor, thus, weighs against a finding of excusable neglect.

### D.  Delay Length and Potential Impact on Judicial Proceedings

The final factor the Court will consider is the length of the delay and the potential impact on judicial proceedings.  The Court addressed the delay length in section II(B) above.  The length of the delay was not significant.  Plaintiffs state, in both Motions for Leave, that due to the posture of the case and the brevity of the extension, granting the Motions should not interfere with the

---

[7]The discovery deadline is April 30, 2008.

[8]The extension requested in the First Motion for Leave.

[9]The extension requested in the Second Motion for Leave.

court's efficiency.  Discovery in this case closes on April 30, 2008 and the final pretrial conference is set for May 30, 2008.  Therefore, the delay does not greatly impact judicial proceedings.  The Court agrees that the length of delay is not great and it should not significantly impact the case deadlines.  Therefore, this factor tends to support a finding of excusable neglect.

### E. Conclusion

On balance, Plaintiffs failed to establish the most important factor, reason for delay, in proving excusable neglect.  While two of the factors, good faith and impact on judicial proceedings, tended to weigh in Plaintiffs favor, this is not enough to establish excusable neglect.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File First Amended Motion to Compel Out of Time (doc. 127) and Plaintiffs' Motion for Leave to file Plaintiffs' Second Motion to Compel Out of Time (doc. 130) are denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 14th day of April, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:      All counsel and *pro se* parties