**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **P.S. and C.S.,** by their Guardians, **LINDA NELSON** and **RANDALL NELSON**, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. 07-2210-JWL-DJW |
| **THE FARM, INC., ROY BARTRAM, JANET BARTRAM, and WYANDOT CENTER FOR COMMUNITY BEHAVIORAL HEALTHCARE, Inc., formerly WYANDOT MENTAL HEALTH CENTER, INC.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Third Motion to Compel (doc. 134) (the "Motion to Compel"). Plaintiffs seek to compel Defendant The Farm, Inc. ("Defendant") to produce documents responsive to Plaintiffs' Third Request for Production of Documents (doc. 135-2), including certain employment records and certain documents relating to grievances or complaints of physical or sexual abuse made on behalf of any foster child. Defendant argues that counsel for Plaintiffs has failed to comply with the conference requirements of Fed. R. Civ. P. 37 and D. Kan. Rule 37.2, and also opposes the Motion to Compel on its merits.

For the reasons stated below, the Motion to Compel is granted in part and denied in part.

## I.    BACKGROUND

Defendant contracts with the Kansas Department of Rehabilitation and Social Services ("SRS") to provide several services for children in SRS's custody, including foster care placements. This is an alleged negligence case concerning the placement of two foster children, P.S. and C.S. Plaintiffs allege that Defendant placed P.S. and C.S. with Defendants Roy and Janet Bartram (the

"Bartrams") from February 24, 2003 through March 5, 2004.[1]  Plaintiffs further allege that Defendant had actual, contemporaneous knowledge that P.S. and C.S. were being physically and sexually abused by the Bartrams' teenage son while P.S. and C.S. resided with the Bartrams.[2] Plaintiffs allege that despite Defendant's actual, contemporaneous knowledge of the abuse suffered by P.S. and C.S., Defendant "failed to act or take any steps to protect P.S. and C.S.  from the harm they suffered while in the Bartram foster home."[3]  Plaintiffs also allege that the Bartrams and Defendant Wyandot Center for Community Behavioral Healthcare, Inc., f/k/a Wyandot Center ("Wyandot Center"), all had actual knowledge or should have known that P.S. and C.S. were being physically and sexually abused by the Bartrams' teenage son while such abuse was occurring.[4]

On January 18, 2008, Plaintiffs served their Third Request for Production of Documents (doc. 135-2) on Defendant, which contains the four discovery requests at issue here: Request Nos. 16 through 19.  Request Nos. 16 through 18 ask for certain employment files and documents relating to those employment files, and Request No. 19 asks for any documents relating to grievances or complaints of physical or sexual abuse made on behalf of any foster child, including but not limited to P.S. and C.S., to Defendant from January 1, 2003 through January 1, 2007.  Defendant objected to all four of the discovery requests.

As the party resisting discovery, Defendant has the burden to demonstrate how each

---

[1] *See* Pl.'s First Am. Compl. (doc. 152), at ¶ 11.

[2] *See id.*, at ¶ 14.

[3] *Id.*, at ¶ 15.

[4] *See id.*, at ¶¶ 22 and 27.

discovery request is objectionable.[5]

> To this end, when ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel. [] Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned.[6]

Accordingly, the Court will only consider those objections initially raised by Defendant and then relied upon in Defendant's response to the Motion to Compel.

## II.   CONFERENCE REQUIREMENTS

Before considering the merits of Plaintiffs' Motion to Compel, the Court must determine whether Plaintiffs' counsel has complied with the conference requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

### A.   Duty to Confer

Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[7]  Under Fed. R. Civ. P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to

---

[5] *See Ice Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1364984, at *6 (D. Kan. May 9, 2007).

[6] *Id.* (quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n. 15 (D. Kan. 2005)) (citations and quotations omitted).

[7] Fed. R. Civ. P. 37(a)(1) (2008).

3

compel discovery responses."[8]  Similarly, D. Kan. Rule 37.2 requires the movant to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[9]  D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[10]

The purpose of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 is to "encourage resolving discovery disputes without judicial involvement."[11]  In determining whether the moving party has satisfied its "meet and confer" duty, the Court "looks beyond the sheer quantity of contacts.  It examines their quality as well."[12]  The court in *Cotracom Commodity Trading Co. v. Seaboard Corp.* summarized the analysis of the moving party's "meet and confer" attempts well:

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery.  The parties need to address and discuss the propriety of asserted objections.  They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention.  They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[13]

---

[8] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[9] D. Kan. Rule 37.2 (2008).

[10] *Id.*

[11] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *see also VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *1 (D. Kan. June 8, 1999).

[12] *Cotracom*, 189 F.R.D. at 459.

[13] *Id.*

While the conference requirements set forth in Fed. R. Civ. P. 37 and D. Kan. 37.2 require the moving party to make a reasonable effort to confer, they do not dictate the method of communication to be used by the parties.[14]

**B.     Efforts to Confer**

Plaintiffs' Certificate of Compliance (doc. 135) (the "Certificate"), filed contemporaneously with the Motion to Compel, states that Plaintiffs' counsel made a reasonable effort from February 22, 2008 through February 25, 2008 to confer with Defendant's counsel via email to resolve the discovery dispute.  Before filing the Motion to Compel, Plaintiffs' counsel emailed Defendant's counsel on February 22, 2008, informing counsel for Defendant that the email was being sent in an effort to resolve certain discovery issues and requesting that Defendant's counsel reconsider the responses to Request Nos. 16 through 19.  Plaintiffs' counsel specifically identified the grounds upon which counsel for Defendant should reconsider the responses.  Plaintiffs' counsel requested a response from Defendant's counsel by February 26, 2008.  In response, counsel for Defendant sent an email to Plaintiffs' counsel on February 25, 2008, stating that counsel for Defendant attempted to confer with Plaintiffs' counsel by telephone and explaining her belief that the parties could work out certain discovery issues if counsel could talk about the discovery issues on the telephone.  Counsel for Defendant also addressed the concerns set forth by Plaintiffs' counsel in the February 22, 2008 email, stated that counsel for Defendant did not see why the requested documents should be produced, and asked that Plaintiffs' counsel call to discuss and resolve the discovery issues.

Plaintiffs' counsel and Defendant's counsel then exchanged a series of emails that same day,

---

[14] *See e.g.*, *Wilbert v. Promotional Res., Inc.*, No. Civ. A. 98-2370-GTV, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999) (parties not required to confer by telephone to satisfy conference requirements).

5

wherein Plaintiffs' counsel stated that her position on the discovery issues would not change, and Defendants' counsel requested that they confer by telephone because the exchange of emails did not enable them to actually confer.  Counsel for Plaintiffs' and Defendant were unable to resolve the discovery issues, and Plaintiffs' counsel filed the Motion to Compel on February 28, 2008.

### C.    Analysis

In determining whether counsel for Plaintiffs satisfied the conference requirements under Fed. R. Civ. P. 37 and D. Kan. Rule 37.2, the Court reviews all of the surrounding circumstances.[15] The Court has reviewed the Certificate and the related correspondence and finds that counsel for Plaintiffs satisfied the conference requirements by making a reasonable effort to confer with counsel for Defendant.

The evidence before the Court shows that counsel for Plaintiffs did more than mail or fax a letter to Defendant's counsel before filing the Motion to Compel.  Rather, the various emails exchanged between counsel for the parties demonstrate that the specific discovery disputes were discussed.  Further, despite the attempts by counsel for the parties to resolve the discovery disputes, it appears that counsel for the parties were at an impasse and that additional attempts to resolve the discovery disputes would have been futile.  In addition, the conference requirements set forth in Fed. R. Civ. P. 37 and D. Kan. 37.2 do not dictate the method of communication to be used by the parties. Thus, the fact that counsel for the parties did not communicate by telephone does not by itself mean that counsel for Plaintiffs failed to make a reasonable effort to resolve the discovery dispute. Accordingly, the Court finds that counsel for Plaintiffs satisfied the conference requirements set forth in Fed. R. Civ. P. 37 and D. Kan. Rule 37.2.  Thus, the Court turns to the merits of the Motion

---

[15] *See id.*

6

to Compel.

### III.   REQUEST NOS. 16, 17 & 18

Plaintiffs' Request No. 16 seeks "[a]ny and all documentation relating to the [D]efendant's employment records of Mark Collins including but not limited to his personnel file."  Request Nos. 17 and 18 are identical to Request No. 16 with the exception that Request No. 17 refers to Deborah Chenoweth and Request No. 18 refers to Nadine Terry.  The Court has analyzed these requests and concludes that each request asks for two sets of documents: (1) documents *relating to* Defendant's employment records of a particular employee, and (2) the employment records of a particular employee, including the personnel file.  Defendant objects to Request Nos. 16, 17, and 18 claiming that they are irrelevant, overly broad, and seek confidential information.

#### A.   Relevance

Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."[16]  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the subject matter to the action."[17]

> When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad

---

[16] Fed. R. Civ. P. 26(b)(1) (2008).

[17] *See McCoo v. Denny's Inc.*, 192 F.R.D. 675, 685-86 (D. Kan. 2000)(citing *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

disclosure.[18]

Conversely, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to show the discovery relevant."[19]

In addition to the typical relevance standard, the parties also discuss the general rule that is often applied by courts in the District of Kansas when determining the relevancy of employment records in employment discrimination and civil rights cases.[20]  In such cases, courts in this district have generally held that an individual's employment records are relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual: (1) is alleged to have engaged in the retaliation or discrimination at issue or (2) is alleged to have played an important role in the decision or incident that gives rise to the lawsuit, including witnessing the events giving rise to the lawsuit.[21]  These individuals are considered "key witnesses"

_____

[18] *Etienne*, 185 F.R.D. at 656 (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)) (quotations omitted).

[19] *Id.* at 657 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan.1996)).

[20] *See Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 698 (D. Kan. 2007) (citations omitted).

[21] *See, e.g.*, *Williams v. Bd. of County Comm'rs*, No. 98-2485-JTM, 2000 WL 823909, at *5 (D. Kan. June 21, 2000) (compelling production of personnel files of non-party individuals in a civil rights case where the non-party individuals were alleged to be involved in the specific events giving rise to the lawsuit); *Daneshvar v. Graphic Tech., Inc.*, No. Civ. A. 97-2304-JWL, 1998 WL 726091, at *5 (D. Kan. Oct. 9, 1998) (compelling production of personnel files of three "key witnesses" who "played important roles in the employment decisions affecting plaintiff"); *Krenning v. Hunter Health Clinic, Inc.*, 166 F.R.D. 33, 35 (D. Kan.1996) (compelling production of personnel files of alleged harasser and employer's chief executive officer); *Hoskins v. Sears, Roebuck & Co.*, No. 96-1357-MLB, 1997 WL 557327, at *2 (D. Kan. Sept. 2, 1997) (compelling production of personnel files of "eight individuals who are alleged to have been involved in, witnessed, or failed to report" the claimed harassment); *Fox-Martin v. H.J. Heinz Operations*, No. 02-4121-JAR, 2003 WL 23139105, at *1 (D. Kan. Dec.19, 2003) (Title VII action in which court compelled production of personnel files of employees who either played important roles in the employment decisions or

whose employment records are deemed relevant and therefore discoverable.  However, disclosure of an individual's employment records is not justified simply because the individual may be called as a witness at trial.[22]

The Court need not make a determination as to whether or not this general rule is applicable in negligence cases such as this one because, as explained in detail below, the Court concludes that Plaintiffs have failed to show the relevance of Mr. Collins employment records under any applicable rule, and Plaintiffs need not rely on this general rule to establish the relevance of Ms. Chenoweth's and Ms. Terry's employment records.

### B.      Request No. 16 - Mark Collins

Request No. 16 asks Defendant to produce: (1) documents relating to Defendant's employment records of Mark Collins, and (2) Defendant's employment records of Mark Collins, including his personnel file.  Defendant objects to this request on the grounds that it is irrelevant, overbroad, and seeks confidential information.

### 1.      Relevance of Documents Relating to Collins' Employment Records

Plaintiffs allege that Mr. Collins is a former employee of Defendant who held a position as the Senior Network Administrator.   Plaintiffs allege that as the former Senior Network Administrator, Mr. Collins would have personal information relating to Defendant's management of information concerning the Bartram foster home and the foster children placed there.  The Court

---

allegedly participated in or witnessed the hostile work environment); *Oglesby v. Hy-Vee, Inc.*, No. Civ. A. 04-2440-KHV, 2005 WL 857036, at *2 (D. Kan. Apr. 13, 2005) (compelling production of individual's personnel file in employment discrimination case where individual witnessed the events defendant claimed gave rise to plaintiff's termination).

[22]  *See Moss*, 241 F.R.D. at 698 (citations omitted).

has considered the claims and defenses in this case and finds that the relevance of documents "relating to" Defendant's employment records of Mr. Collins is not readily apparent. Consequently, Plaintiffs have the burden of establishing the relevance of these documents. Plaintiffs do not explain how documents relating to Mr. Collins' employment records are relevant to any of the claims or defenses in this case. The Court finds that Plaintiffs have failed to establish their burden and, thus, the Court will sustain Defendant's relevance objection with respect to documents relating to Defendant's employment records of Mark Collins.

### 2.    Relevance of Defendant's Employment Records of Collins, Including His Personnel File

The Court also finds that the relevance of Defendant's employment records of Mr. Collins, the former Senior Network Administrator, is not readily apparent. Thus, Plaintiffs have the burden of establishing the relevance of these employment records, which they have failed to do.

Plaintiffs argue that Mr. Collins' employment records are relevant because as the former Senior Network Administrator, Mr. Collins has general knowledge of Defendant's management of information during 2003 and 2004, the years P.S. and C.S. were placed in the Bartram foster home. While this knowledge may mean that Mr. Collins will have relevant testimony, Plaintiffs fail to explain how Mr. Collins' general knowledge of Defendant's management of information makes his employment records relevant to any of the claims or defenses in this case.

Plaintiffs also argue that Mr. Collins' employment records are relevant because they may contain information about Mr. Collins' performance as Defendant's employee, his relationship with Defendant, his goals, his experiences, his qualifications to manage Defendant's information system, and his efforts relating to management of Defendant's information system. However, Plaintiffs fail to explain how there is any possibility that this information may be relevant to any of the claims or

10

defenses in this case.

In addition, Plaintiffs argue that Mr. Collins' employment records are relevant because they relate to his credibility and bias toward Defendant.   According to Plaintiffs, without access to Mr. Collins' employment records, Defendant, if it so chose, would have the ability to paint Mr. Collins as a disgruntled employee seeking retaliation for his termination.  The Court is not persuaded by this argument.  Plaintiffs fail to show how information relating to Mr. Collins' credibility or bias has any possibility of being relevant to any of the claims or defenses in this case.

In addition, the fact that an individual may be a witness at trial does not, by itself, render the individual's employment records relevant and therefore discoverable.  As a general rule, a witness's credibility and bias can always be an issue at trial.  Thus, to argue that Mr. Collins' employment records should be produced because he may be a witness whose credibility or bias becomes an issue is the equivalent of saying that Mr. Collins' employment records should be produced simply because he may be a witness at trial.  Using Plaintiffs rationale, the employment records of every witness would have to be produced.[23]

While courts in this district have ordered the production of personnel files in cases where the employee would be a witness whose credibility or bias could be an issue, these cases involved employees who the court determined were key witnesses, e.g., played an important role in the decisions or incidents giving rise to the litigation.[24]  Here, even if the Court were to apply the general

---

[23] *See Multimedia Cablevision, Inc. v. Cal. Sec. Co-Op, Inc.*, No. 94-1130-MLB, 1995 WL 155030, at *1 (D. Kan. Apr. 5, 1995) (fact that credibility or bias of witness may be an issue was not sufficient to justify the production of the witness's personnel file; under such rationale, the personnel files of every witness in every case would have to be produced).

[24] *See*, *e.g.*, *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2007 WL 2264446, at *3 (D. Kan. Aug. 3, 2007); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No.

rule with respect to the relevancy of employment records, Plaintiffs have failed to show that Mr. Collins played an important role in the decisions or incidents giving rise to this lawsuit.

The Court concludes that Plaintiffs have failed to establish the relevance of Mr. Collins' employment records. Thus, Defendant's relevance objection will be sustained. Because the Court has sustained Defendant's relevance objection, there is no need to discuss Defendant's remaining objections to Request No. 16.

### C.      Request No. 17 - Deborah Chenoweth

Request No. 17 asks Defendant to produce: (1) documents relating to Defendant's employment records of Deborah Chenoweth, and (2) Defendant's employment records of Deborah Chenoweth, including her personnel file. Defendant objects to this request on the grounds that it is irrelevant, overbroad, and seeks confidential information.

#### 1.      Relevance of Documents Relating to Chenoweth's Employment Records

Plaintiffs allege that Ms. Chenoweth is a former employee of Defendant who has knowledge of Defendant's management of foster care, including the Bartram foster home. The Court has considered the claims and defenses in this case and finds that the relevance of the documents relating to Defendant's employment records of Ms. Chenoweth is not readily apparent. Thus, Plaintiffs have the burden of establishing the relevance of these documents. Plaintiffs have failed to explain how the documents relating to Ms. Chenoweth's employment records are relevant to any of the claims or defenses in this case. The Court finds that Plaintiffs have failed to meet their burden and, thus, the Court sustains Defendant's relevance objection with respect to the documents relating to

---

05-2164-MLB, 2007 WL 1246216, at *5-6 (D. Kan. Apr. 27, 2007); *Daneshvar*, 1998 WL 726091, at *5.

Defendant's employment records of Ms. Chenoweth.

### 2. Relevance of Defendant's Employment Records of Chenoweth, Including Her Personnel File

The Court has reviewed the claims and defenses in this case and finds that it is not readily apparent how Ms. Chenoweth's employment records are relevant to any of the claims or defenses in this case. Thus, Plaintiffs have the burden of establishing the relevance of these employment records, which they have done.

Plaintiffs claim that Ms. Chenoweth's employment records are relevant because they may lead to the discovery of admissible evidence about her work performance, her experiences, her efforts to manage foster care, and her qualifications to supervise Defendant's foster care program. The Court finds that Plaintiffs have sufficiently shown some possibility that this information may be relevant to the subject matter of this action. Thus, the Court overrules Defendant's relevance objection with respect to Ms. Chenoweth's employment records.

### 3. Overbroad

Defendant also claims that Request No. 17 is facially overbroad in that it seeks "[a]ny and all documentation relating to" Defendant's employment of Deborah Chenoweth. Defendant argues that this request is so broad that it covers any document that may have Ms. Chenoweth's name on it.

The Court is not persuaded by Defendant's argument. Defendant misstates Request No. 17. Plaintiffs' request does not seek any and all documents relating to Defendant's employment of Ms. Chenoweth. Rather, Request No. 17 seeks: (1) documents relating to Defendant's employment records of Ms. Chenoweth, and (2) Defendant's employment records of Ms. Chenoweth, including

13

her personnel file.  While the request does use the omnibus term "relating to,"[25] the Court has already found that the first set of documents - those relating to Defendant's employment records - are not relevant.  Thus, the remaining question is whether Plaintiffs' request for Defendant's employment records of Ms. Chenoweth is facially overbroad.  The Court concludes that this portion of the request is not facially overbroad.  This portion of the request asks for a specific set of documents - Defendant's employment records of Ms. Chenoweth.  Thus, the Court overrules Defendant's objection.

### 4. Confidentiality

Defendant also appears to raise a confidentiality objection with respect to the payroll, insurance and medical information that may be found in its employment records for Ms. Chenoweth. However, the fact that the requested information may be confidential does not make the requested information privileged.[26]  Thus, Defendant's objection does not shield the requested information from discovery.[27]  "Although information is not shielded from discovery on the sole basis that the information requested is confidential, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information."[28]  Here, the parties

---

[25] *See Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 625 (D. Kan. 2005) (overruling facially overbroad objection where omnibus terms such as "discuss, refer, relate, or pertain to" did not modify a large category of documents or events, but rather specific types of documents and specific events); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999) (finding request facially overbroad where omnibus term "relating to" did not modify a specific type of document, but rather all documents).

[26] *See Doebele v. Sprint Corp.*, No. 00-2053-KHV, 2001 WL 1718259, at *7 (D. Kan. June 5, 2001).

[27] *See id.*

[28] *Id.*

14

already have a protective order in place which protects the disclosure of confidential information, including non-public, confidential employment and personnel records relating to employees and former employees of Defendant.[29]  Accordingly, the Court overrules Defendant's confidentiality objection.

### D.      Request No. 18 - Nadine Terry

Plaintiffs' Request No. 18 seeks production of: (1) documents relating to Defendant's employment records of Nadine Terry, and (2) Defendant's employment records of Nadine Terry, including her personnel file.  Defendant objects to this request on the grounds that it is irrelevant, overbroad, and seeks confidential information.

#### 1.      Relevance of Documents Relating to Terry's Employment Records

Plaintiffs claim that Ms. Terry is currently employed by Defendant as the ombudsman whose job duties require her to take concerns or complaints on Defendant's complaint call-line.  The Court has considered the claims and defenses in this case and finds that the relevance of documents relating to Defendant's employment records of Ms. Terry is not readily apparent.  Thus, Plaintiffs have the burden of establishing the relevance of these documents.  Plaintiffs do not explain how documents relating to Defendant's employment records of Ms. Terry are relevant.  Thus, the Court finds that Plaintiffs have not satisfied their burden.  Consequently, the Court sustains Defendant's relevance objection as to documents relating to Defendant's employment records of Ms. Terry.

#### 2.      Relevance of Defendant's Employment Records of Terry, Including Her Personnel File

The Court finds that the relevance of Defendant's employment records of Ms. Terry is not

---

[29] *See* Protective Order (doc. 18).

readily apparent.  Thus, Plaintiffs have the burden of establishing the relevance of these documents, which they have done.  Plaintiffs claim that Ms. Terry's employment records should be produced because they are relevant to her performance in managing information concerning foster homes, her efforts to manage information concerning foster homes, her experiences in managing complaints and other areas relating to foster care, and her qualifications to handle complaints.  The Court finds that Plaintiffs have sufficiently shown some possibility that this information may be relevant to the subject matter of this action.  Thus, the Court overrules Defendant's relevance objection with respect to Ms. Terry's employment records.

### 3. Overbroad

Defendant also claims that Request No. 18 is facially overbroad in that it seeks "[a]ny and all documentation relating to" Defendant's employment of Nadine Terry.  Defendant argues that this request is so broad that it covers any document that may have Ms. Terry's name on it.

The Court overrules this objection for the same reasons it overruled Defendant's overbroad objection to Request No. 17.

### 4. Confidentiality

Defendant also appears to raise a confidentiality objection with respect to the payroll, insurance and medical information that may be found in its employment records for Ms. Terry. However, the fact that the requested information may be confidential does not make the requested information privileged.[30]  Thus, Defendant's objection does not shield the requested information from discovery.[31]  "Although information is not shielded from discovery on the sole basis that the

---

[30] *See Doebele*, 2001 WL 1718259, at *7.

[31] *See id.*

16

information requested is confidential, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information."[32]  Here, the parties already have a protective order in place which protects the disclosure of confidential information, including non-public, confidential employment and personnel records relating to employees and former employees of Defendant.[33]  Accordingly, the Court overrules Defendant's confidentiality objection.

## IV.   REQUEST NO. 19 - GRIEVANCES OR COMPLAINTS OF OTHER FOSTER CHILDREN

Plaintiffs' Request No. 19 asks Defendant to produce documents in its possession or control relating to grievances or complaints of physical or sexual abuse made on behalf of any foster child, including P.S. and C.S., to Defendant from January 1, 2003 to January 1, 2007, including but not limited to records relating to complaints, investigations, and settlements.  Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, cumulative, and that the documents could more easily be obtained from another source.

### A.   Overbroad

The Court finds that Request No. 19 is overbroad on its face in that it fails to limit the request to complaints or grievances made on behalf of foster children who resided or are residing in the Bartram foster home.  Thus, the Court will sustain Defendant's objection and limit Request No. 19 to complaints or grievances of physical or sexual abuse made to Defendant from January 1, 2003 to January 1, 2007 on behalf of any foster child residing or who resided in the Bartram foster home.

---

[32] *Id.*

[33] *See* Protective Order (doc. 18).

17

**B.      Relevance**

Defendant also objects to Request No. 19 on the grounds of relevance.  The Court finds that the portion of Request No. 19 which seeks settlement records is not relevant on its face. Consequently, Plaintiffs have the burden of showing that the request for these settlement documents is relevant, which they have failed to do.  Thus, the Court sustains Defendant's relevance objection with respect to the portion of Request No. 19 that seeks settlement documents, and the Court will further limit Request No. 19 accordingly.

The Court finds that the remaining portion of Request No. 19 is relevant on its face.  Thus, Defendant has the burden of showing that Request No. 19, as limited, does not fall within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  Defendant argues that the relevance of complaints made by foster children other than P.S. or C.S. is not readily apparent and Plaintiffs' have failed to show how these complaints are relevant. The Court has already concluded that Request No. 19, as limited, is relevant on its face and, thus, is not persuaded by this argument.  Defendant further argues that even if Request No. 19 is relevant, the burden of the proposed discovery outweighs its likely benefits.  In light of the Court's limitations placed on Request No. 19, the Court finds that the burden of the discovery does not outweigh its likely benefits.  Thus, the Court overrules this objection.

**C.      Unduly Burdensome**

Request No. 19, as limited by the Court, is not unduly burdensome.  Defendant need not search the files for *any* foster care child placed in *any* foster care home for complaints of physical or sexual abuse.  Rather, the limited request only asks Defendant to produce complaints of physical or

sexual abuse made to Defendant between 2003 to 2007 on behalf of foster children who are residing or resided in the Bartram foster home.  The Court finds that the limited request is not unduly burdensome and overrules this objection.

### D.    Cumulative

Defendant objects to Request No. 19 on the grounds that it is cumulative.  Defendant claims that Request No. 19 is the same request as Plaintiffs' Request No. 4 in their First Request for Production of Documents, with the exception that Request No. 19 is less broad than Request No. 4.  Request No. 4 sought any documents relating to any claims made on behalf of any foster child to Defendant from 1998 to the present.  Defendant objected to Request No. 4 on several grounds, including that the request was overbroad.  Defendant claims that because Plaintiffs missed the deadline to file a motion to compel documents responsive to Request No. 4, Plaintiffs served similar Request No. 19 in an attempt to circumvent the local rules. The Court is not persuaded by this argument.

Request No. 19 is not cumulative or duplicative.  There is no indication that Defendant produced any documents in response to Request No. 4.  In addition, Request No. 19 is sufficiently different from Request No. 4 because Plaintiffs significantly narrowed the scope of the request.  Unlike Request No. 4, which seeks any complaints for a ten year time frame, Request No. 19 seeks complaints of physical or sexual abuse made on behalf of foster children to Defendant for a four year time period.  The Court finds that Request No. 19 is not cumulative or duplicative.  Thus, the Court overrules this objection.

### E.    Documents Are Available From Another Source

Defendant objects to Request No. 19 on the grounds that it seeks documents that can be

obtained from SRS.  However, Defendant does not show how its files are identical to the SRS files. In fact, Defendant only alleges that if a foster child made a complaint of physical or sexual abuse, this information *should* be contained in the SRS files.  The Court finds that there is no evidence that SRS and Defendant have the same exact files and documents.  Thus, the Court overrules this objection.

## V.    EXPENSES

Plaintiffs request that the Court award their reasonable expenses pursuant to Fed. R. Civ. P. 37.  Defendant, on the other hand, asks that the Court deny Plaintiffs' request for expenses and order that Plaintiffs be required to pay Defendant's expenses for responding to the Motion to Compel pursuant to Fed. R. Civ. P. 37.

Fed. R. Civ. P. 37 provides in pertinent part that if the motion to compel discovery is granted in part and denied in part, as is the case here, the court may "apportion the reasonable expenses for the motion."[34]  Under the circumstances of this case, the Court does not find an award of expenses to be warranted.  Accordingly, the Court orders each party to bear its own expenses related to the Motion to Compel.

## VI.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel (doc. 134) is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (doc. 134) is granted in part and denied in part as set forth herein.

_____

[34] Fed. R. Civ. P. 37(a)(5)(C) (2008).

20

**IT IS FURTHER ORDERED** that Defendant's relevancy objection to Request No. 16 is sustained.

**IT IS FURTHER ORDERED** that Defendant's relevancy objection to Request No. 17 is sustained in part and overruled in part.  Defendant shall produce its employment records for Deborah Chenoweth, including her personnel file, **within 20 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant's relevancy objection to Request No. 18 is sustained in part and overruled in part.  Defendant shall produce its employment records for Nadine Terry, including her personnel file, **within 20 days** of the date of this Order.

**IT IS FURTHER ORDERED** that  Defendant's objection that Request No. 19 is overly broad is sustained.  Request No. 19 is hereby limited in scope.  Defendant shall produce any and all documents in the possession of or the control of Defendant relating to grievances or complaints of physical or sexual abuse made to Defendant from January 1, 2003 to January 1, 2007 on behalf of any foster child residing or who resided in the Bartram foster home, including but not limited to records relating to complaints and investigations.  Defendant shall produce documents responsive to the limited Request No. 19 as set forth in this Order **within 20 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant's relevance objection to Request No. 19 is sustained in part and overruled in part.  The portion of Request No. 19 seeking settlement records is not relevant.  Thus, Request No. 19 shall be limited as set forth in the preceding paragraph.

**IT IS FURTHER ORDERED** that Defendant's remaining objections to Request No. 19 on the grounds that the request is unduly burdensome, cumulative, and seeks documents that could be more easily obtained from another source are overruled.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 28th day of July 2008.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:     All counsel and *pro se* parties