**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **P.S. and C.S.,** by their Guardians, **LINDA NELSON** and **RANDALL NELSON**, <br><br>         Plaintiffs, <br>v. <br><br>**THE FARM, INC., ROY BARTRAM, JANET BARTRAM, and WYANDOT CENTER FOR COMMUNITY BEHAVIORAL HEALTHCARE, INC.,** formerly **WYANDOT MENTAL HEALTH CENTER, INC.,** <br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 07-2210-JWL-DJW

**MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Fourth Motion to Compel (doc. 162) (the "Motion to Compel").  For the reasons stated below, the Motion to Compel is denied.

**I.     BACKGROUND**

Defendant The Farm, Inc. ("Defendant") contracts with the Kansas Department of Rehabilitation and Social Services ("SRS") to provide several services for children in SRS's custody, including foster care placements.  This is an alleged negligence case concerning the placement of two foster children, P.S. and C.S.  Plaintiffs allege that Defendant placed P.S. and C.S. with Defendants Roy and Janet Bartram (the "Bartrams") from February 24, 2003 through March 5, 2004.[1]  Plaintiffs further allege that Defendant had actual, contemporaneous knowledge that P.S. and C.S. were being physically and sexually abused by the Bartrams' teenaged son while P.S. and

---

[1] *See* Pls.' First Am. Compl. (doc. 152), at ¶ 11.

C.S. resided with the Bartrams.[2] Plaintiffs allege that despite Defendant's actual, contemporaneous knowledge of the abuse suffered by P.S. and C.S. while in the Bartram foster home, Defendant "failed to act or take any steps to protect P.S. and C.S. from the harm they suffered while in the Bartram foster home."[3] Plaintiffs also allege that the Bartrams and Defendant Wyandot Center for Community Behavioral Healthcare, Inc., f/k/a Wyandot Mental Health Center, Inc. ("Wyandot Center"), all had actual knowledge or should have known that P.S. and C.S. were being physically and sexually abused by the Bartrams' teenaged son while such abuse was occurring.[4]

On March 13, 2008, Defendant served upon Plaintiffs' counsel its Fifth Supplemental Disclosure Statement with supplemental disclosure documents numbered Farm 008227-009639.[5] Defendant redacted portions of these documents, including the names of foster children other than P.S. and C.S. and the names of foster families other than the Bartrams. On April 2, 2008, Plaintiffs filed their Fourth Motion to Compel, seeking to obtain unredacted copies of the documents numbered Farm 008227-009639. After reviewing the Motion to Compel and related pleadings, it was not clear whether Plaintiffs sought to compel discovery or disclosures. Thus, on August 11, 2008, the Court held a telephone status conference to clarify whether the documents in dispute were (1) produced in response to requests for production of documents and, if so, which requests, or (2) produced as part of Defendant's duty to supplement its Fed. R. Civ. P. 26(a) initial disclosures.

During the telephone status conference, Plaintiffs' counsel claimed that the documents in

---

[2] *See* Am. Compl., at ¶ 14.

[3] Am. Compl., at ¶ 15.

[4] *See* Am. Compl., at ¶¶ 22 and 27.

[5] *See* Notice of Service of Def.'s Fifth Supplemental Disclosures (doc. 145).

2

dispute are responsive to Document Request No. 7 in Plaintiffs' First Request for Production of Documents. Thus, Plaintiffs claim that the documents in dispute are supplemental discovery responses. Defendant's counsel disagreed, claiming that the documents in dispute were provided to Plaintiffs as part of Defendant's duty under Fed. R. Civ. P. 26(e) to supplement its Fed. R. Civ. P. 26(a) initial disclosures. The Court has considered the relevant pleadings, Plaintiffs' First Request for Production of Documents and Defendant's responses thereto, and the statements of counsel during the telephone status conference, and hereby finds that the documents numbered Farm 008227-009639 were produced as part of Defendant's duty under Fed. R. Civ. P. 26(e) to supplement its Fed. R. Civ. P. 26(a) initial disclosures and, thus, the Court will analyze the Motion to Compel accordingly.

## II.     CONFERENCE REQUIREMENTS

Before considering the merits of Plaintiffs' Motion to Compel, the Court must determine whether Plaintiffs' counsel has complied with the conference requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

### A.     Duty to Confer

Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[6] Under Fed. R. Civ. P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to

---

[6] Fed. R. Civ. P. 37(a)(1) (2008).

compel discovery responses."[7]  Similarly, D. Kan. Rule 37.2 requires the movant to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[8]  D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[9]

The purpose of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 is to "encourage resolving discovery disputes without judicial involvement."[10]  In determining whether the moving party has satisfied its "meet and confer" duty, the Court "looks beyond the sheer quantity of contacts.  It examines their quality as well."[11]  The court in *Cotracom Commodity Trading Co. v. Seaboard Corp.* summarized the analysis of the moving party's "meet and confer" attempts well:

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery.  The parties need to address and discuss the propriety of asserted objections.  They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention.  They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[12]

---

[7] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[8] D. Kan. Rule 37.2 (2008).

[9] *Id*.

[10] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *see also VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *1 (D. Kan. June 8, 1999).

[11] *Cotracom*, 189 F.R.D. at 459.

[12] *Id.*

While the conference requirements set forth in Fed. R. Civ. P. 37 and D. Kan. 37.2 require the moving party to make a reasonable effort to confer, they do not dictate the method of communication to be used by the parties.[13]

### B.     Efforts to Confer

Plaintiffs' Certificate of Compliance (doc. 162) (the "Certificate"), filed contemporaneously with the Motion to Compel, states that Plaintiffs' counsel made a reasonable effort from March 26, 2008 through March 31, 2008 to confer with Defendant's counsel via email to resolve the dispute. Before filing the Motion to Compel, Plaintiffs' counsel emailed Defendant's counsel on March 26, 2008, asking Defendant's counsel to explain the nature of the information redacted from documents numbered Farm 008227-009639 and the reasons for redacting this information. On March 27, 2008, Defendant's counsel provided Plaintiffs' counsel with a lengthy email explaining the nature of the information redacted and the reason for redacting certain information in documents numbered Farm 008227-009639. On March 28, 2008, Plaintiffs' counsel expressed her disagreement with Defendant's counsel and asked that Defendant's counsel reconsider her position. On March 31, 2008, Defendant's counsel sent another detailed email to Plaintiffs' counsel explaining her position and asking Plaintiffs' counsel to call her to discuss the dispute. The Motion to Compel was filed on April 2, 2008.

### C.     Analysis

In determining whether Plaintiffs' counsel satisfied the conference requirements under Fed.

---

[13] *See e.g.*, *Wilbert v. Promotional Res., Inc.*, No. Civ. A. 98-2370-GTV, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999) (parties not required to confer by telephone to satisfy conference requirements).

R. Civ. P. 37 and D. Kan. Rule 37.2, the Court reviews all of the surrounding circumstances.[14] The Court has reviewed the Certificate and the related correspondence and finds that Plaintiffs' counsel satisfied the conference requirements by making a reasonable effort to confer with Defendant's counsel.

The evidence before the Court shows that Plaintiffs' counsel did more than mail or fax a letter to Defendant's counsel before filing the Motion to Compel. Rather, counsel for the parties exchange several emails discussing the dispute. Further, despite the attempts by counsel for the parties to resolve the dispute, it appears that they were at an impasse and that additional attempts to resolve the dispute would have been futile. In addition, the conference requirements set forth in Fed. R. Civ. P. 37 and D. Kan. 37.2 do not dictate the method of communication to be used by the parties. Thus, the fact that counsel for the parties did not communicate by telephone does not by itself mean that Plaintiffs' counsel failed to make a reasonable effort to resolve the discovery dispute. Accordingly, the Court finds that Plaintiffs' counsel satisfied the conference requirements set forth in Fed. R. Civ. P. 37 and D. Kan. Rule 37.2. Thus, the Court turns to the merits of the Motion to Compel.

## III. MOTION TO COMPEL DISCLOSURES

Defendant provided Plaintiffs with its supplemental disclosure documents numbered Farm 008227-009639 on March 13, 2008. These disclosure documents contained redacted information. According to Defendant, it redacted personal identifiers from the documents, such as the names, social security numbers, birth dates, birth parents, addresses, telephone numbers, medical appointments, and medical information. Defendant also redacted the names of foster families other

---

[14] *See id.*

than the Bartrams, and the names of foster children other than P.S. and C.S.  Defendant left the remainder of the disputed documents intact.  According to Defendant, these disclosure documents constitute every Word document, not already produced, that contain P.S.'s, C.S.'s or the Bartrams' names.  Defendant provided these disclosure documents numbered Farm 008227-009639 to Plaintiffs pursuant to its duty under Fed. R. Civ. P. 26(e) to supplement its initial disclosures made under Fed. R. Civ. P. 26(a).

Under Fed. R. Civ. P. 26(a), the parties are required to exchange initial disclosures, including "a copy - or a description by category and location - of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."[15]  The parties have a duty to supplement these initial disclosures under Fed. R. Civ. P. 26(e), which provides in pertinent part:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not been made known to the other parties during the discovery process or in writing.[16]

While Fed. R. Civ. P. 26(a) allows initial disclosures to be made by producing copies of relevant documents, the rule does not require that either party produce documents.[17]  Thus, Defendant was not required to provide Plaintiffs with copies of its supplemental disclosure documents numbered Farm 008227-009639.  Defendant could simply have provided Plaintiffs with a description or categorization of the supplemental disclosure documents.  The fact that Defendant

---

[15] Fed. R. Civ. P. 26(a) (2008).

[16] Fed. R. Civ. P. 26(e) (2008).

[17] *See Comas v. United Telephone Co. of Kan.*, Civ. A. No. 94-2376-GTV, 1995 WL 476691, at * 2 (D. Kan. Aug. 10, 1995).

opted to redact information it deemed irrelevant or confidential from its supplemental disclosure documents does not mean Defendant failed to comply with its duty to disclose information under Fed. R. Civ. P. 26(a) or its duty to supplement that information under Fed. R. Civ. P. 26(e).[18] Plaintiffs have failed to establish that Defendant is required to produce unredacted copies of Defendant's supplemental disclosure documents numbered Farm 008227-009639. The Court will not require Defendant to provide Plaintiffs with unredacted copies of its supplemental disclosure documents numbered Farm 008227-009639.

## V.   EXPENSES

Plaintiffs request that the Court award their reasonable expenses pursuant to Fed. R. Civ. P. 37. Defendant, on the other hand, asks that the Court deny Plaintiffs' request for expenses and order that Plaintiffs be required to pay Defendant's expenses for responding to the Motion to Compel pursuant to Fed. R. Civ. P. 37.

Fed. R. Civ. P. 37 provides in pertinent part that if the motion to compel disclosure is denied, as is the case here, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."[19] However, "the court must not order this payment if the motion was substantially justified or other circumstances

---

[18] The parties argue about the confidentiality and relevance of the information redacted from the documents in dispute. According to Defendant, it redacted the names of foster children other than P.S. and C.S. as well as the names of foster families other than the Bartrams. The Court is not convinced that the names of foster children, other than P.S. and C.S., who resided in the Bartram foster home are irrelevant to this case. However, the documents in dispute were not provided to Plaintiffs in response to a formal discovery request and, therefore, the Court need not decide the relevance and confidentiality issues here.

[19] Fed. R. Civ. P. 37(a)(5)(B) (2008).

make an award of expenses unjust."[20]

The Advisory Committee Notes to the 1993 Amendments to Fed.R.Civ.P. 37 make it clear that Court may consider the issue of sanctions "on written submissions." Here, Plaintiffs specifically requested their expenses in their Motion to Compel and Defendant specifically requested its expenses in its response to the Motion to Compel. Plaintiffs and Defendant addressed the issue of sanctions in their relevant pleadings. The Court therefore finds that Plaintiffs and Defendant had sufficient "opportunity to be heard" within the meaning of Fed. R. Civ. P. 37.

In this case, the Court has denied Plaintiffs' Motion to Compel. The Court finds that the Motion to Compel was not substantially justified. The Court thus deems it just to allow Defendant to recover a portion, if not all, of the reasonable expenses, including attorney fees, that it incurred in opposing the Motion to Compel. To aid the Court is determining the proper amount of expenses, Defendant's counsel shall file, on or before **September 2, 2008**, an affidavit itemizing the expenses, including attorney fees, that Defendant incurred in opposing the Motion to Compel. Plaintiffs' counsel shall have until **September 16, 2008** to file a response to the affidavit. The Court will then issue a second order, apportioning the expenses and fees and specifying the amount and time of payment.

Having determined that Defendant is entitled to recover at least a portion, if not all, of its reasonable expenses, the Court must next determine whether Plaintiffs' counsel or Plaintiffs should be required to pay the sanctions. To the extent possible, sanctions should be imposed only upon the

---

[20] *Id.*

person or entity responsible for the sanctionable conduct.[21]  The sanctioning of a party, as opposed to the party's counsel, "requires specific findings that the party was aware of the wrongdoing."[22] In the absence of any evidence that Plaintiffs' were responsible for seeking unredacted copies of documents that were provided to Plaintiffs as part of Defendant's duty to supplement its Fed. R. Civ. P. 26(a) initial disclosures, the Court finds it appropriate to hold Plaintiffs' counsel solely responsible for paying the monetary sanctions.

### VI.     CONCLUSION

For the foregoing reasons, Plaintiffs' Fourth Motion to Compel (doc. 162) is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Fourth Motion to Compel (doc. 162) is denied.

**IT IS FURTHER ORDERED** that Defendant is entitled to recover a portion, if not all, of the reasonable expenses, including attorney fees, that it incurred in opposing the Motion to Compel.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall be solely responsible for paying the monetary sanctions.

**IT IS FURTHER ORDERED** that Defendant's counsel shall file, on or before **September 2, 2008**, an affidavit itemizing the expenses, including attorney fees, that Defendant incurred in opposing the Motion to Compel.

---

[21] *See White v. General Motors Corp. Inc.*, 908 F.2d 675, 685-86 (10th Cir. 1990) (imposing Rule 11 sanctions); *Starlight Int'l, Inc. v. Herlihy*, 190 F.R.D. 587, 593 (D. Kan. 1999) (imposing Rule 26(g) and 37(b) and (d) sanctions); *Giroux v. Farm Credit Bank of Wichita*, No. 95-1499-MLB, 1997 WL 109733, at *1 (D. Kan. Feb. 13, 1997) (imposing Rule 37(a)(4) sanctions).

[22] *White*, 908 F.2d at 685-86 (citations omitted).

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall have until **September 16, 2008** to file a response to the affidavit.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 19th day of August 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties