## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **P.S. and C.S.,** by their Guardians, **LINDA** | ) | |
| **NELSON** and **RANDALL NELSON**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. 07-2210-JWL-DJW |
| **THE FARM, INC., ROY BARTRAM,** | ) | |
| **JANET BARTRAM, and WYANDOT** | ) | |
| **CENTER FOR COMMUNITY** | ) | |
| **BEHAVIORAL HEALTHCARE, INC.,** | ) | |
| **formerly WYANDOT MENTAL HEALTH** | ) | |
| **CENTER, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant The Farm, Inc.'s Motion to Enforce Rule 35 (doc. 169) (the "Motion"). For the reasons stated below, the Motion is denied.

## I.   BACKGROUND

Defendant The Farm, Inc. ("Defendant") contracts with the Kansas Department of Rehabilitation and Social Services ("SRS") to provide several services for children in SRS's custody, including foster care placements. This is an alleged negligence case concerning the placement of two foster children, P.S. and C.S. Plaintiffs allege that Defendant placed P.S. and C.S. with Defendants Roy and Janet Bartram (the "Bartrams") from February 24, 2003 through March 5, 2004.[1] Plaintiffs further allege that Defendant had actual, contemporaneous knowledge that P.S. and C.S. were being physically and sexually abused by the Bartrams' teenaged son while P.S. and

---

[1] *See* Pls.' First Am. Compl. (doc. 152) ("Am. Compl."), at ¶ 11.

C.S. resided with the Bartrams.[2]  Plaintiffs allege that despite Defendant's actual, contemporaneous knowledge of the abuse suffered by P.S. and C.S. while in the Bartram foster home, Defendant "failed to act or take any steps to protect P.S. and C.S. from the harm they suffered while in the Bartram foster home."[3]

Counsel for Defendant and Plaintiffs discussed the independent medical examinations of P.S. and C.S. via email.[4]  On February 11, 2008, Defendant's counsel identified Dr. Michael Lubbers as the psychologist Defendant hired to perform the independent medical examinations of P.S. and C.S. under Fed. R. Civ. P. 35.[5]  Counsel for Defendant and Plaintiffs agreed that the independent medical examinations of P.S. and C.S. would take place on Saturday, March 22, 2008.[6]  While scheduling the independent medical examinations of P.S. and C.S., counsel for Defendant and Plaintiffs discussed the issue in dispute here - the questioning of Linda and Randall Nelson (collectively, the "Nelsons"), the grandparents and guardians of P.S. and C.S., by Dr. Lubbers.

Defendant's counsel informed Plaintiffs' counsel that Dr. Lubbers wanted to speak with the Nelsons outside of the presence of P.S. and C.S. before or after the independent medical examinations on March 22, 2008.[7]  In response, Plaintiffs' counsel stated that the Nelsons would not

---

[2] *See* Am. Compl., at ¶ 14.

[3] Am. Compl., at ¶ 15.

[4] *See* Exhibits A through E, attached to Def. The Farm, Inc.'s Mot. To Enforce Rule 35 (doc. 169) ("Def.'s Mot.").

[5] *See* Ex. A, attached to Def.'s Mot.

[6] *See* Ex. B, attached to Def.'s Mot.

[7] *See* Ex. C, attached to Def.'s Mot.

be available for the purpose of a Fed. R. Civ. P. 35 examination by Dr. Lubbers.[8]  Defendant's counsel responded, explaining that Dr. Lubbers did not want to conduct examinations of the Nelsons, but rather sought background information from the Nelsons on the condition of P.S. and C.S. that the children themselves may not be mature enough to provide.[9]  Defendant's counsel also stated her position that Fed. R. Civ. P. 35 required the Nelsons to answer Dr. Lubbers questions seeking background information on P.S. and C.S.[10]

Plaintiffs' counsel did not respond, and a few days later, on March 22, 2008, Dr. Lubbers conducted the independent medical examinations of P.S. and C.S.  The Nelsons did not make themselves available for questioning by Dr. Lubbers on March 22, 2008.[11]  Thus, after the examinations of P.S. and C.S., Defendant's counsel contacted Plaintiffs' counsel and requested that the Nelsons participate in a conference call with Dr. Lubbers in order to provide Dr. Lubbers with the background information.[12]  Plaintiffs' counsel refused and, on April 7, 2008, Defendant filed this Motion.[13]

## II.    CONFERENCE REQUIREMENTS

Defendant seeks to enforce Fed. R. Civ. P. 35, which means that before addressing the merits of the Motion, the Court must determine whether Defendant's counsel has complied with the

---

[8] *See* Ex. D, attached to Def.'s Mot.

[9] *See id.*

[10] *See id.*

[11] *See* Ex. E, attached to  Def.'s Mot.

[12] *See id.*

[13] *See id.*

conference requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.  The parties do not appear to dispute that Defendant's counsel satisfied these conference requirements.

Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[14]  Under Fed. R. Civ. P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[15]  Similarly, under D. Kan. Rule 37.2, the Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 35 unless the movant conferred or made a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[16]  D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[17]

Having reviewed the Defendant's Certification of Conference with Opposing Counsel (doc. 169), and statements by Plaintiffs in their Response to Defendant The Farm, Inc.'s Motion to Enforce Rule 35 (doc. 175) that "counsel for plaintiffs and defendant Farm [have] attempted to confer about this and other issues before seeking court intervention," the Court concludes that

---

[14] Fed. R. Civ. P. 37(a)(1).

[15] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[16] D. Kan. Rule 37.2.

[17] *Id.*

Defendant's counsel satisfied the conference requirements set forth in Fed. R. Civ. P. 37 and D. Kan. Rule 37.2.  Thus, the Court turns to the merits of the Motion.

## III.    MOTION TO ENFORCE RULE 35

### A.    Standard

Defendant filed the Motion seeking to enforce Fed. R. Civ. P. 35.  Under Fed. R. Civ. P. 35, for "good cause" shown,

> [t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.  The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.[18]

Thus, Fed. R. Civ. P. 35 requires the movant to make an affirmative showing "that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination."[19]

When the parties seek an order from the Court requiring such an examination, the Court's order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."[20]  Here, the parties agreed to the independent medical examinations of P.S. and C.S. pursuant to Fed. R. Civ. P. 35, thereby mooting the need for an order from the Court.

### B.    Analysis

---

[18] Fed. R. Civ. P. 35(a)(1); *see Greenhorn v. Marriott Intern., Inc.*, 216 F.R.D. 649, 650-51 (D. Kan. 2003); *Phalp v. City of Overland Park, Kan.*, No. 00-2354-GTV, 2001 WL 1717949, at *1 (D. Kan. Sept. 13, 2001).

[19] *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

[20] Fed. R. Civ. P. 35(a)(2)(B).

5

Defendant does not seek an order from this Court requiring the Nelsons each to submit to examinations under Fed. R. Civ. P. 35.[21]  In fact, Defendant concedes that the mental conditions of the Nelsons are not "in controversy," thereby negating one of the requirements for an examination under Fed. R. Civ. P. 35.[22]  Instead, Defendant seeks an order from this Court requiring Linda Nelson to submit to a 30 minute telephone interview by Dr. Lubbers and answer questions concerning P.S.'s and C.S.'s background, history, and current status.

In support of this request, Defendant argues that under Fed. R. Civ. P. 35, an examiner must be allowed to ask the party questions about his or her background and history.  Defendant reasons that because the parties, P.S. and C.S., are minors, Fed. R. Civ. P. 35 requires that a parent or guardian provide this information to the examiner.  Unable to find any case law to support this proposition, Defendant cites to Wright & Miller, 8A Fed. Prac. & Proc. 2d § 2236, which states, "The doctor must be permitted to take the party's history and to ask such questions as will enable him or her to formulate an intelligent opinion concerning the nature and extent of the party's injuries."

Defendant argues that Dr. Lubbers was unable to obtain this background information necessary for his opinion because P.S. and C.S. are too young to provide this information and the Nelsons refused to provide him with this information.  Defendant further argues that Dr. Lubbers

---

[21] Because Defendant does not seek an order from this Court requiring that the Nelsons submit to an examination under Fed. R. Civ. P. 35, the Court need not determine whether the Nelsons, as guardians of the minor Plaintiffs suing in their representative capacity, constitute "parties" or "persons in the custody or under the legal control of a party" within the meaning of Fed. R. Civ. P. 35.  *But see Caban v. 600 E. 21st Street Co.*, 200 F.R.D. 176, 179-81 (E.D.N.Y. 2001) (concluding that the scope of Fed. R. Civ. P. 35 should not be expanded to include representatives and natural guardians of infant plaintiffs).

[22] *See* Def.' Mot., at 8-9.

is entitled to this background information because Linda Nelson provided the same type of information to Plaintiffs' own expert. Defendant claims that Dr. Lubbers is entitled to access to the same information as Plaintiffs' expert.

Having considered Defendant's and Plaintiffs' arguments and conducted its own research on this matter, the Court finds that Defendant cannot rely on Fed. R. Civ. P. 35 to force Linda Nelson to provide information to Dr. Lubbers. Fed. R. Civ. P. 35 gives the Court authority to order a party or a person who is in the custody or under the legal control of a party to submit to an examination by a suitably licensed or certified examiner. Here, Defendant specifically states that it does not seek an order from this Court requiring Linda Nelson to submit to such an examination under Fed. R. Civ. P. 35. Instead, Defendant argues that Fed. R. Civ. P. 35 somehow requires Linda Nelson to provide Dr. Lubbers with background information on P.S. and C.S. The Court concludes there is nothing in Fed. R. Civ. P. 35 which requires Linda Nelson to provide such information to Dr. Lubbers, or which requires that Dr. Lubbers be provided with the exact same information as Plaintiff's expert.[23] While the Court may enter an order under Fed. R. Civ. P. 35 which specifies the conditions and the scope of the examination of the person ordered to submit to an examination, nothing in Fed. R. Civ. P. 35 gives the Court authority to require a person who is not being examined to provide certain information to the examiner.[24]

The Court concludes that Defendant is not entitled to an order pursuant to Fed. R. Civ. P. 35

---

[23] The Court notes that although Fed. R. Civ. P. 35 is not the proper discovery mechanism for Defendant to obtain background information from the Nelsons for Dr. Lubbers, there are other discovery mechanisms available to Defendant, such as interrogatories and depositions (if the Nelsons are parties) or depositions by subpoena (if the Nelsons are not parties).

[24] *See* Fed. R. Civ. P. 35(a)(2)(B).

requiring Linda Nelson to provide information to Dr. Lubbers.

## IV.    CONCLUSION

For the foregoing reasons, Defendant The Farm, Inc.'s Motion to Enforce Rule 35 (doc. 169) is denied.

**IT IS THEREFORE ORDERED** that Defendant The Farm, Inc.'s Motion to Enforce Rule 35 (doc. 169) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 11th day of September 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties