## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| P.S. and C.S., by their Guardians,<br>LINDA NELSON and RANDALL NELSON, | ) <br> ) <br> ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| **v.** | ) <br> ) | **07-CV-2210-JWL** |
| THE FARM, INC., ROY BARTRAM, JANET<br>BARTRAM, | ) <br> ) <br> ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant The Farm, Inc.'s Motion for Protective Order (doc. 235).

Defendant The Farm, Inc. seeks a protective order prohibiting or limiting the scope of discovery

sought in Plaintiffs' Notice of Deposition of Corporate Representative(s) of Defendant The Farm,

Inc. (doc. 232) (the "Notice of Deposition").  The Motion is fully briefed and, thus, is ripe for

consideration.  For the reasons stated below, the Motion is denied.

## I.   BACKGROUND

The Court has previously set out a detailed background of this case and, thus, finds that only

a brief discussion of the relevant background facts is necessary here.[1]  Defendant The Farm, Inc.

("Defendant") contracts with the Kansas Department of Rehabilitation and Social Services ("SRS")

to provide several services for children in SRS's custody, including foster care placements.[2]  This

is an alleged negligence case concerning the placement of two foster children, Plaintiffs P.S. and

---

[1] See the Court's previous rulings on July 28, 2008 (doc. 195) and August 19, 2008 (doc.
204) for more detailed background information.

[2] *See* Pretrial Order (doc. 275) ("Pretrial Order"), 2-3.

C.S., with foster parents Defendants Roy and Janet Bartram (the "Bartrams").[3]

In October and November 2008, counsel for the parties discussed scheduling depositions in this case and, in doing so, exchanged a series of emails that included counsel for each party. On November 7, 2008, Plaintiffs' counsel sent an email asking if anyone opposed depositions under Fed. R. Civ. P. 30(b)(6) on December 1, 2008.[4]  Defendant's counsel responded that she had no objection if the notices were provided to Defendant's counsel by November 21, 2008, because Defendant's counsel needed time to consult with Defendant to determine who Defendant would produce at the deposition.[5]  On November 12, 2008, Defendant's counsel sent an email responding to a question regarding a master list of the depositions currently scheduled.[6]  In this same email, Defendant's counsel stated that Plaintiffs' counsel mentioned the possibility of depositions under Fed. R. Civ. P. 30(b)(6) scheduled for December 1, 2008, and Defendant's counsel again stated that she had no objection to the depositions if she was provided with the notices no later than November 21, 2008, so that Defendant's counsel had enough time to determine who would be deposed.[7]

According to Defendant's counsel, she never received an email from Plaintiffs' counsel confirming that Defendant's counsel's condition as to the timing of the notice of deposition was agreeable.[8]  Defendant's counsel claims that during a November 19, 2008 telephone conference with

---

[3] *See id.*

[4] *See* November 7, 2008 Email String (doc. 242-3).

[5] *See id.*

[6] *See* November 12, 2008 Email String (doc. 236-3).

[7] *See id.*

[8] *See* Objections to 30(b)(6) Dep. and Mem. in Supp. of Def. The Farm, Inc.'s Mot. for Protective Order (doc. 236) ("Def.'s Objections"), 2.

all parties, except for Plaintiffs' counsel who was unavailable, she first became aware that Plaintiffs' counsel intended to proceed with the Rule 30(b)(6) depositions on December 1, 2008.[9] Then, on November 20, 2008, Plaintiffs served their Notice of Deposition.[10]

According to Defendant's counsel, after she reviewed the Notice of Deposition with Defendant, she sent an email to Plaintiffs' counsel on November 24, 2008, copying counsel for all other parties, stating that Defendant's counsel had "several concerns about the matters" listed in the Notice of Deposition.[11] Defendant's counsel did not specifically identify which matters she had concerns about, but rather generally referred to concerns about matters calling for legal conclusions or privileged information, or matters that are too vague and ambiguous for Defendant to properly designate a corporate representative who will testify on those matters.[12] Despite these concerns, Defendant's counsel stated that Peg Martin, Defendant's Chief Executive Officer, would be produced to discuss two of the matters identified in the Notice of Deposition.[13] Defendant's counsel also stated her belief that after the deposition of Peg Martin, Plaintiffs would be better able to tailor the Notice of Deposition and Defendant would be better able to designate the appropriate corporate representative(s).[14]

On November 25, 2008, counsel for former Cross-Defendant Wyandot Center for

---

[9] *See id.*

[10] *See* Notice of Dep. of Corporate Representative(s) of Def. The Farm, Inc. (doc. 232) ("Notice of Deposition").

[11] November 24, 2008 Email (doc. 236-4); *see also* Def.'s Objections, 4-5.

[12] *See* November 24, 2008 Email (doc. 236-4).

[13] *See id.*; *see also* Def.'s Objections, 5.

[14] *See* November 24, 2008 Email (doc. 236-4).

Community Behavior Healthcare, Inc. ("Wyandot Center")[15] responded to Defendant's counsel's November 24, 2008 email.[16] Wyandot Center's counsel argued that the Notice of Deposition did not call for legal conclusions or privileged information, but simply identified with reasonable particularity the matters for discussion during the deposition.[17] Wyandot Center's counsel also pointed out that Defendant's counsel "fail[ed] to make any reference to any of the numbered paragraphs in the notice that [Defendant] finds vague and ambiguous."[18]

That same day, Defendant's counsel responded to Wyandot Center's counsel's email, stating that perhaps they needed to let Plaintiffs' counsel state her position but, in the meantime, Defendant's counsel would respond to Wyandot Center's concerns.[19] Defendant's counsel then explained that she worked with Defendant to identify matters where they could designate a corporate representative to testify, and that Peg Martin would be produced at the deposition to discuss the two matters identified in Defendant's counsel's November 24, 2008 email.[20] However, rather than identifying Defendant's specific objections to the Notice of Deposition, Defendant's counsel stated, "We plan to file a formal motion with the court tomorrow . . .. There will be sufficient detail in the

---

[15] On February 5, 2009, the Court granted the motion of The Farm, Inc. and Wyandot Center for Community Healthcare, Inc. for dismissal of The Farm, Inc.'s contractual cross-claims against Wyandot Center, thereby dismissing Defendant's cross-claim against Defendant Wyandot Center.  *See* Order (doc. 294).

[16] *See* November 25, 2008 Email from Larry Greenbaum (doc. 236-5).

[17] *See id.*

[18] *Id.*

[19] *See* November 25, 2008 Email from Brooke Aziere (doc. 236-6).

[20] *See id.*

4

motion supporting our objections, but I think the problems with the notice should be obvious . . . ."[21] According to Defendant's counsel, this November 25, 2008 email was then followed up with a telephone conversation with counsel for Wyandot Center during which she explained Defendant's objections "generally" to Wyandot Center's counsel.[22]

Plaintiffs' counsel then responded with her own email, explaining that she agreed with the issues raised in the email from Wyandot Center's counsel.[23] Plaintiffs' counsel also asked that Defendant's counsel provide "specifics and grounds" for Defendant's objections so that they could resolve the matter without court intervention.[24] According to Defendant's counsel, she responded to Plaintiffs' counsel's email by "expressing her willingness to produce Peg Martin and work out the other issues, but also expressed that she feared with the approaching Thanksgiving holiday that the issues could not be worked out."[25] Defendant's counsel also claims that she informed Plaintiffs' counsel that she had discussed the matter with Wyandot Center's counsel "and that he could fill [P]laintiffs' counsel in on that discussion."[26]

## II.    DUTY TO CONFER

Before filing a motion for a protective order under Fed. R. Civ. P. 26(c), the movant is

---

[21] *Id.*

[22] *See* Def.'s Objections, 5.

[23] *See* November 25, 2008 Email from Michaela Shelton (doc. 236-7).

[24] *See id.*

[25] Def.'s Objections, 6.

[26] *Id.*

required to confer in good faith with the other parties in the case in an effort to resolve the dispute before filing a motion with the court.[27]   The Court has reviewed the pleadings and relevant correspondence between the parties and it appears to the Court that Defendant's counsel failed to confer in good faith with the other parties in an effort to resolve the dispute before filing the Motion. Although Defendant's counsel communicated with Plaintiffs' counsel, as well as counsel for the other parties, regarding her general objections to the matters listed in the Notice of Deposition, Defendant's counsel failed to identify which matters she claimed were vague, ambiguous, protected by the attorney-client privilege, or called for legal conclusions.   Rather than providing opposing counsel with objections to specific matters, Defendant's counsel promised to provide "sufficient detail" in support of Defendant's objections in the motion filed with the Court.

Although the Court could deny Defendant's Motion on procedural grounds for failure to confer, the Court will go on to examine the merits of Defendant's Motion.

## III.   STANDARD

Fed. R. Civ. P. 30(b)(6) provides for the deposition of a corporation:

In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination.   The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The person designated must testify about information known or reasonably available to the organization.[28]

A party from whom discovery is sought may seek to prevent or limit a deposition under Fed.

---

[27] *See* Fed. R. Civ. P. 26(c)(1).

[28] Fed. R. Civ. P. 30(b)(6).

6

R. Civ. P. 26 (c), which allows a party to seek a protective order under certain circumstances.[29]

Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue [a protective] order to protect

a party or person from annoyance, embarrassment, oppression or undue burden or expense, including

. . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain

matters."[30]

  The party seeking the protective order has the burden to show good cause for entry of the

protective order.[31]  To establish good cause, the movant must provide the court with "a particular

and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[32]

The decision to enter a protective order lies within the sound discretion of the court.[33]  Despite this

broad discretion, the court may only issue a protective order if the moving "party demonstrates that

the basis for the protective order falls within one of the categories enumerated in Fed. R. Civ. P.

26(c)[,]"[34] *i.e.*, that the requested order is necessary to protect the party "from annoyance,

embarrassment, oppression, or undue burden or expense."[35]  "Rule 26(c) does not provide for any

type of order to protect a party from having to provide discovery on topics merely because those

---

[29] *See* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 30(d)(3)(B).

[30] Fed. R. Civ. P. 26(c)(1).

[31] *See Bryan v. Eichenwald*, 191 F.R.D. 650, 651-52 (D. Kan. 2000) (citation omitted).

[32] *Id.* at 652 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

[33] *See Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

[34] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)).

[35] Fed. R. Civ. P. 26(c)(1).

topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence."[36]  "Although a party may object to providing discovery on the basis that the request is overly broad, irrelevant or not calculated to lead to the discovery of admissible evidence, the court may only rule on the validity of such an objection in the context of a motion to compel."[37]  "Such an objection is not a basis upon which the court may enter a Rule 26(c) protective order."[38]

## IV.   ANALYSIS

The Notice of Deposition contains 12 matters for discussion during the Rule 30(b)(b) deposition.  Defendant has asserted objections to Matter Nos. 1-6 and 8-12.  Although Defendant asserts objections to Matter No. 5, Defendant has agreed to designate Peg Martin to testify concerning part of Matter No. 5.  Defendant has also agreed to produce Peg Martin to testify concerning Matter No. 7.

In addition to objecting to the specific matters identified in the Notice of Deposition, Defendant objects to the timing of the notice given for the Rule 30(b)(6) deposition.  The Court will address the timeliness issue first, and then will address each of Defendant's objections to the specific matters identified in the Notice of Deposition.

### A.   Timeliness

Under Fed. R. Civ. P. 30(b)(1), "[a] party who wants to depose a person by oral questions

---

[36] *Kansas Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005) (citation omitted).

[37] *Id.* (citation omitted).

[38] *Id.* (citation omitted).

must give reasonable written notice to every other party."[39]  D. Kan. Rule 30.1 defines "reasonable written notice" as five days and states that Fed. R. Civ. P. 6 shall govern the computation of time.[40] Fed. R. Civ. P. 6 provides in pertinent part: "Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days."[41]  Rule 6 goes on to define legal holidays to include Thanksgiving Day.[42]

Defendant argues that Plaintiffs failed to give adequate notice of the Rule 30(b)(6) deposition.  Defendant's counsel informed Plaintiffs' counsel that as long as Defendant's counsel received the Notice of Deposition by November 21, 2008, then Defendant's counsel had no objection to the Rule 30(b)(6) deposition being conducted on December 1, 2008.   According to Defendant's counsel, Plaintiffs failed to give adequate notice because Plaintiffs' counsel never confirmed her agreement with Defendant's condition.  Defendant's counsel's argues that she did not have adequate notice to designate and prepare witnesses for the Rule 30(b)(6) deposition. Defendant's counsel further argues that she only had four advance business days' notice of the Rule 30(b)(6) deposition.

The Court is not persuaded by this argument.  Defendant's counsel agreed that the Rule 30(b)(6) deposition could be conducted on December 1, 2008 as long as she received the Notice of Deposition by November 21, 2008.  Defendant's counsel received the Notice of Deposition before this deadline on the evening of November 20, 2008.  Even if Defendant's counsel had not made such

---

[39] Fed. R. Civ. P. 30(b)(1).

[40] *See* D. Kan. Rule 30.1.

[41] Fed. R. Civ. P. 6(a)(2).

[42] *See* Fed. R. Civ. P. 6(a)(4)(A).

an agreement, Defendant was still given five days' notice (November 21, 24, 25, 26, and 28, 2008),

which is considered reasonable notice under D. Kan. Rule 30.1.  The Court therefore concludes that

Defendant was provided reasonable notice of the Rule 30(b)(6) deposition as required under Fed.

R. Civ. P. 30(b)(1).  In any event, this objection is now moot considering that Defendant has had

approximately three months to designate and prepare witnesses for the Rule 30(b)(6) deposition.[43]

The Court now turns to Defendant's objections to the matters identified in the Notice of

Deposition.

### B.    Matter No. 1

Matter No. 1 of the Notice of Deposition seeks testimony on the following:

> Complaints made by individuals concerning the Bartram foster home or individuals
> residing in the Bartram home from 1998 to 2004 as follows: (a) the nature of the
> complaint; (b) the manner in which The Farm, Inc. received the complaint; (c) and
> the manner in which The Farm, Inc. kept a record of the complaint.[44]

Defendant objects to this matter on the grounds that it (1) is overly broad, (2) seeks testimony

on matters that are irrelevant, (3) seeks testimony on matters that are not reasonably calculated to

lead to the discovery of admissible evidence, and (4) is unduly burdensome.  The first three

objections are not a basis upon which the Court may enter a protective order under Fed. R. Civ. P.

26(c).  As explained above, "Rule 26(c) does not provide for any type of order to protect a party

from having to provide discovery on topics merely because those topics are overly broad or

irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery

---

[43] Under D. Kan. Rule 26.2, when Defendant filed its Motion seeking a protective order,
the Rule 30(b)(6) deposition was stayed pending order of the court.

[44] Notice of Deposition, 3-4.

of admissible evidence."[45]  Thus, the Court declines to enter a protective order these grounds.

This leaves Defendant's objection based upon undue burden.  Defendant argues that Matter No. 1 is unduly burdensome because it asks Defendant "to designate a corporate representative to testify concerning all complaints lodged against the Bartram home from 1998 to 2004 without any limitation to child, which is significantly broader than what is legitimately at issue in this lawsuit."[46]  In response, Plaintiffs argue that Defendant fails to offer any basis in fact for its position.  Plaintiffs further argue that courts have recognized that although preparing for a Rule 30(b)(6) deposition can be burdensome, "this is merely the result of the concomitant obligation from the privilege of being able to use the corporate (or other organizational) form in order to conduct business."[47]

The Court is not persuaded by Defendant's arguments.  Defendant makes conclusory statements about the undue burden imposed by Matter No. 1, but fails to provide any "particular and specific" facts as to how Matter No. 1 imposes an undue burden.[48]  Although it may be a burden for Defendant to prepare a witness(es) to testify on this matter, this alone is not enough to enter a protective order.  Accordingly, the Court finds that Defendant has failed to meet its burden of establishing good cause for the entry of a protective order preventing a Rule 30(b)(6) deposition on Matter No. 1.

### C.      Matter No. 2

---

[45] *Kansas Waste Water, Inc.*, 2005 WL 327144, at *2 (citation omitted).

[46] Def.'s Objections, 6.

[47] *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 1054279, at *3 (D. Kan. Apr. 9, 2007) (quotation and citation omitted).

[48] *See Bryan*, 191 F.R.D. at 652.

Matter No. 2 of the Notice of Deposition seeks testimony on the following:

The Farm Inc.'s oversight of the Bartram foster home as follows: (a) the grounds for approval of the Bartram foster home for the placement of foster children; (b) the background investigation by The Farm, Inc. of the Bartram home for the purpose of placing foster children in the Bartram home; (c) the identification of each child placed by The Farm, Inc. in the Bartram home from 1998 to 2004; (d) the selection process of the case worker assigned to each child placed by The Farm, Inc. in the Bartram home; (e) the background and training of each case worker assigned to each child placed by The Farm, Inc. in the Bartram home; (f) the basis for assigning the Bartram home to each foster child placed in the Bartram home; [and] (g) the oversight by The Farm, Inc. of each child placed in the Bartram foster home from 1998 through 2004.[49]

Defendant objects to Matter No. 2 on the grounds that the term "oversight" is "vague, ambiguous, and mischaracterizes [Defendant's] role and relationship with foster care placements, [and] ignores the interaction and role of the natural parents, courts, guardians, SRS, and KDHE with the foster home and children . . .."[50]  Defendant also objects to Matter No. 2 on the grounds that it is "overly broad, [and] seeks information that is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence."[51]  As explained above, Defendant's objections based on overbreadth and relevance are misplaced because such objections are not a basis for entering a protective order under Rule 26(c).  Thus, the Court declines to enter a protective order based on these objections.

This leaves Defendant's objection that the term "oversight" constitutes a mischaracterization, is vague, and is ambiguous.  First, the Court is not persuaded by Defendant's "mischaracterization" argument.  Defendant fails to explain how Plaintiffs' alleged mischaracterization of Defendant's role

---

[49] Notice of Deposition, 4.

[50] Def.'s Objections, 7.

[51] *Id.*

prevents Defendant from designating a corporate representative to testify regarding its role and, through that testimony, clarifying and properly characterizing its role.  In short, Defendant fails to explain how this mischaracterization constitutes good cause to enter a protective order.   Thus, the Court declines to enter a protective order based on this objection.

Defendant also argues that the term "oversight" is vague and ambiguous.  The Court notes that this matter certainly could have been discussed and likely resolved with Plaintiffs' counsel before a motion was filed with the Court. In responding to this argument, Plaintiffs clarify their meaning for the term "oversight," explaining that it has the same meaning as the terms "supervision" or "oversee," which mean the act or function of supervising; to oversee; have the oversight and direction of.  The Court is persuaded that the term "oversight," as clarified by Plaintiffs in their response to Defendant's Motion, is clear enough for Defendant to determine the outer limits of the matters for discussion under Matter No. 2.  Thus, the Court declines to enter a protective order based on these objections.  Accordingly, the Court finds that Defendant has failed to meet its burden to show good cause for entering a protective order and preventing a Rule 30(b)(6) deposition on Matter No. 2.

### D.    Matter No. 3

Matter No. 3 in the Notice of Deposition seeks testimony on the following: "The Farm, Inc.'s selection of the Bartrams to serve as foster parents of P.S. and C.S."[52]  Defendant objects to this matter on the grounds that it does not meet the reasonable particularity requirement of Fed. R. Civ. P. 30(b)(6) because it is vague and ambiguous.  Defendant argues that it is not clear whether Plaintiffs seek a designee to generally discuss placements or an individual responsible for placing

---

[52] Notice of Deposition, 4.

the children with the Bartrams or something else entirely.

In response, Plaintiffs argue that Matter No. 3 speaks for itself.  However, in an effort to remove any ambiguity perceived by Defendant, Plaintiffs clarify that Matter No. 3 seeks "a corporate designee to testify about [Defendant's] criteria and process of placement of a child with foster parents in general and a corporate designee to testify to the application of these criteria to the specific instance of [Defendant's] placement of P.S. and C.S. with the Bartrams."[53]

Again, the Court notes that the ambiguity perceived by Defendant likely could have been resolved by conferring with Plaintiffs before filing the Motion.  That being said, the Court finds that Matter No. 3, as clarified by Plaintiffs in their response, identifies with reasonable particularity the matters to be discussed at the Rule 30(b)(6) deposition.  Accordingly, the Court finds that Defendant has failed to meet its burden to show good cause for entering a protective order and preventing a Rule 30(b)(6) deposition on Matter No. 3.

### E.    Matter No. 4

Matter No. 4 in the Notice of Deposition seeks testimony on the following: "The various functions of different departments of The Farm, Inc. and how they coordinated with each other regarding placing children with foster parents against whom complaints were pending."[54] Defendant argues that this matter fails to meet the reasonable particularity requirement of Fed. R. Civ. P. 30(b)(6) because it is vague and ambiguous in that the terms "departments" or "various functions" are not defined.  Defendant further argues that Matter No. 4 mischaracterizes Defendant's role concerning complaints because SRS and/or KDHE were responsible for investigating complaints

---

[53] Pls.' Resp. to Def. The Farm, Inc.'s Mot. for Protective Order (doc. 242), 10.

[54] Notice of Deposition, 4-5.

against foster families.  Finally, Defendant also argues that Matter No. 4 is overly broad.  However, as explained above, Defendant's objection based on overbreadth is misplaced because such an objection is not a basis for entering a protective order under Rule 26(c).  Thus, the Court declines to enter a protective order based on Defendant's objection that Matter No. 4 is overly broad.

This leaves Defendant's objections based on reasonably particularity and mischaracterization.  In response to Defendant's objections, Plaintiffs argue that the terms "department" and "functions" are unambiguous within the context of this case.  Plaintiffs argue that the case record shows that Defendant designated various individuals and groups "to interact with foster children placed in [Defendant's] care and the foster parents with whom the children are placed."[55]  According to Plaintiffs, the record shows that:

> [Defendant's] "Permanency Social Worker" is assigned the "total case management" of each child placed in [Defendant's] care; [Defendant's] "Permanency Team" is [Defendant's] "ultimate decision-maker and coordinator for the agency in the meeting of the needs of the child and family, and delivery services"; and [Defendant's] "QA/QI Team" was responsible to "ensure effective mechanisms were in place for reviewing records and evaluating client care, contractual compliance, licensing standards and national accreditation standards."[56]

Plaintiffs clarify that Matter No. 4 seeks "testimony on the responsibility of these various individuals and department[s] and the coordination among the individuals or departments whereby an individual or department placing a child with foster parents would be made aware of any complaints pending against the foster parents."[57]  Finally, Plaintiffs argue that Matter No. 4 does not mischaracterize Defendant's role because Matter No. 4 does not seek information relating to the conduct of

---

[55] Pls.' Resp. to Def. The Farm, Inc.'s Mot. for Protective Order (doc. 242), 10-11.

[56] *Id.*, at 11 (citing to The Farm, Inc.'s Request for Proposal #00573, Region One, attached as Exhibits 4 and 13).

[57] *Id.*

investigations, but rather seeks testimony on how information provided to Defendant was used in determining placement options.

The Court finds that Plaintiffs have sufficiently clarified any vagueness or ambiguity in Matter No. 4. Accordingly, the Court concludes that Matter No. 4 identifies with reasonable particularity the matters to be discussed at the Rule 30(b)(6) deposition. In addition, the Court is not persuaded by Defendant's mischaracterization argument. Plaintiffs have clarified that Matter No. 4 does not seek testimony relating to the conduct of investigations, but rather seeks testimony on how information provided to Defendant was used in determining placement options. Furthermore, even if Matter No. 4 mischaracterized Defendant's role with respect to investigation of complaints, Defendant has not explained how this mischaracterization constitutes good cause to enter a protective order. Accordingly, the Court finds that Defendant has failed to meet its burden to show good cause for entering a protective order and preventing a Rule 30(b)(6) deposition on Matter No. 4.

### F.     Matter No. 5

Matter No. 5 of the Notice of Deposition seeks testimony on the following: "The Farm, Inc.'s process of communicating and coordinating between its different departments before placing P.S. and C.S. with the Bartrams."[58] Defendant argues that this matter is vague and ambiguous because of the use of the term "different departments." In addition, at the time Defendant filed its Motion, Defendant claimed it could not determine whether it could "designate an individual to testify specifically about the coordination and communication before placing P.S. and C.S. with the

---

[58] Notice of Deposition, 5.

16

Bartrams."[59]  Defendant also claimed it needed additional time to locate and prepare a witness on this matter.  However, Defendant agreed to designate Peg Martin to testify about Defendant's "general process for communicating and coordinating within the organizational structure."[60]

Plaintiffs already clarified the meaning of "different departments" in response to Defendant's objection to Matter No. 4 - this term refers to the Permanency Social Worker, the Permanency Team, and the QA/QI team and other departments within Defendant's organization.  In addition, Plaintiffs clarify in their response that Defendant is correct in its understanding of Matter No. 5, which seeks testimony about: (a) Defendant's general process for communicating and coordinating within the organizational structure, and (b) the coordination and communication within Defendant before placing P.S. and C.S. in the Bartram foster home.  Plaintiffs point out that Defendant has already agreed to produce Peg Martin to testify regarding the first issue.  Plaintiffs argue that Defendant has not objected to the second issue, but rather has asked for additional time to identify and prepare a witness to testify on the second issue.  Plaintiffs argue that Defendant has already been given this additional time by virtue of the postponement of the Rule 30(b)(6) deposition after Defendant filed its Motion.

It appears to the Court that the parties have reach an agreement with respect to the first issue identified in Matter No. 5 and, accordingly, that Peg Martin will be produced by Defendant to testify as to Defendant's general process for communicating and coordinating within the organizational structure.  As for the second issue, it appears to the Court that Defendant has objected to this matter on the grounds that it is vague and ambiguous.  The Court finds that Matter No. 5, specifically the

---

[59] Def.'s Objections, 8.

[60] *Id.*

17

term "different departments," as clarified by Plaintiffs, is not vague or ambiguous.  The Court therefore declines to enter a protective order based on these objections.  Finally, the Court finds that Defendant has had approximately three months to find and prepare a witness to testify as to the coordination and communication within Defendant before placing P.S. and C.S. in the Bartram foster home.   Accordingly, the Court finds Defendant has failed to meet its burden to show good cause for entering a protective order that would prevent a Rule 30(b)(6) deposition on Matter No. 5.

### G.   Matter No. 6

Matter No. 6 of the Notice of Deposition seeks testimony on the following: "Describe the responsibilities or role of The Farm, Inc.'s case worker with P.S. and C.S."[61]  Defendant objects to this matter on the grounds that it is vague and ambiguous because the terms "responsibilities" and "role" are not defined.  Defendant further argues that it cannot determine whether Matter No. 6 seeks a corporate designee who can generally testify about a case worker's relationship with a foster child or if Plaintiffs want the case worker assigned to P.S. and C.S. to testify about her relationship with P.S. and C.S.

In response to Defendant's objections, Plaintiffs argue that the terms "responsibilities" and "role" are clear within the context of this case.  Plaintiffs argue that Defendant's policies state that Defendant's "Permanency Social Worker" is assigned the "total case management" of each child placed in Defendant's care.  Plaintiffs clarify that they "seek a corporate designee that can generally testify concerning a caseworker's relationship with a foster child and anyone with knowledge

---

[61] Notice of Deposition, 5.

regarding the relationship between P.S. and C.S. and their respective caseworkers."[62]

With this clarification, the Court finds that Plaintiffs have removed any vagueness or ambiguity in Matter No. 6 and, therefore, have satisfied the reasonable particularity requirement of Fed. R. Civ. P. 30(b)(6).  Accordingly, the Court finds that Defendant has failed to meet its burden to show good cause for entering a protective order and preventing a Rule 30(b)(6) deposition on Matter No. 6.

### H.    Matter No. 7

Defendant does not object to Matter No. 7 and has agreed to produce Peg Martin to testify as to Matter No. 7.

### I.    Matter No. 8

Matter No. 8 of the Notice of Deposition seeks testimony on the following: "The Farm, Inc.'s referral of P.S. and C.S. to Wyandot Center."[63]  Defendant objects to Matter No. 8 on the grounds that it is vague and ambiguous because the term "referral" is not defined.  Defendant states that it assumes that Plaintiffs seek testimony about (a) Defendant's general practice of coordinating with Wyandot Center and (b) Defendant's coordination with Wyandot Center regarding P.S. and C.S. Defendant states that it is looking for a witness to testify about the first issue, and that Defendant is not certain whether it can designate an individual as to the second issue, but will try to locate and prepare such a witness.

Plaintiffs argue that the term "referral" should be given its ordinary and customary meaning. Plaintiffs further argue that the contracts between Defendant and Wyandot Center specifically use

---

[62] Pls.' Resp. to Def. The Farm, Inc.'s Mot. for Protective Order (doc. 242), 12.

[63] Notice of Deposition, 5.

19

the term "children referred" in discussing the work to be performed by Wyandot Center. Plaintiffs clarify that they seek testimony concerning Defendant's general practice of referring children to Wyandot Center, as well as Defendant's referral of P.S. and C.S. to Wyandot Center.

Based on Plaintiffs' clarification of Matter No. 8, it appears that Defendant correctly identified the matters for discussion under Matter No. 8 and that the term "referral" is clear and understood by Defendant. The Court further finds that Plaintiffs have removed any vagueness or ambiguity in Matter No. 8 and, therefore, Plaintiffs have satisfied the reasonable particularity requirement of Fed. R. Civ. P. 30(b)(6). Accordingly, the Court finds that Defendant has failed to meet its burden to show good cause for entering a protective order and preventing a Rule 30(b)(6) deposition on Matter No. 8.

**J.      Matter No. 9**

Matter No. 9 of the Notice of Deposition seeks testimony on the following: "The Farm, [Inc.'s] ongoing interaction with Wyandot Center regarding P.S. and C.S."[64] Defendant objects to this matter on the grounds that it is vague and ambiguous because the term "ongoing interaction" conflicts with Defendant's understanding of the situation - that P.S. and C.S. have not received services at Wyandot Center since they moved to Texas in March 2004. Defendant argues that without clarification of "ongoing interaction," it would say that there is no ongoing interaction with Wyandot Center regarding P.S. and C.S. and, therefore, it cannot produce a designee.

Plaintiffs clarify Matter No. 9 in their response, stating that this matter refers to communications between Defendant and Wyandot Center regarding P.S. and C.S. since the time of Defendant's referral of P.S. and C.S. to Wyandot Center. Plaintiffs explain that this time period is

---

[64] Notice of Deposition, 5.

not limited by the move of P.S. and C.S. to Texas.  Plaintiffs "seek a corporate designee to testify concerning [Defendant's] general practice of communicating and coordinating with mental health professional such as the Wyandot Center and also [Defendant's] coordination and communication with the Wyandot Center in the specific case of C.S. and P.S."[65]

The Court finds that, with Plaintiffs' clarification, Plaintiffs have removed any vagueness or ambiguity in Matter No. 9 and, thus, the outer limits of Matter No. 9 are identifiable.  The Court therefore concludes that Plaintiffs have satisfied the reasonable particularity requirement under Fed. R. Civ. P. 30(6)(6).  Accordingly, the Court finds that Defendant has failed to meet its burden to show good cause for entering a protective order and preventing a Rule 30(b)(6) deposition on Matter No. 9.

### K.    Matter No. 10

Matter No. 10 of the Notice of Deposition seeks testimony on the following: "The Farm, Inc.'s involvement in court mandated examinations by mental health specialists concerning P.S. or C.S."[66]  Defendant objects to Matter No. 10 on the grounds that Plaintiffs do not define what they mean by "court mandated examinations" or "mental health specialists."  Defendant does not specifically say so, but it appears to the Court that Defendant objects to Matter No. 10 on the grounds that it does not identify the matters for discussion with reasonable particularity as required by Rule 30(b)(6).  Defendant argues that it "cannot determine whether [P]laintiffs are talking about the court mandated sexual abuse evaluation or the services P.S. and C.S. received at Wyandot

---

[65] Pls.' Resp. to Def. The Farm, Inc.'s Mot. for Protective Order (doc. 242), 13.

[66] Notice of Deposition, 5.

[Center]."[67]

Plaintiffs clarify the testimony sought under Matter No. 10 in their response, stating, "Plaintiffs seek a corporate designee to testify about [Defendant's] involvement in the court mandated sexual abuse evaluation conducted by the University of Kansas and [Defendant's] knowledge of the results of the evaluation."[68]

With this clarification, the Court finds that the outer limits of Matter No. 10 are identifiable and, thus, Plaintiffs have satisfied the reasonable particularity requirement of Fed. R. Civ. P. 30(b)(6).  Accordingly, the Court finds that Defendant has failed to meet its burden to show good cause for entering a protective order and preventing a Rule 30(b)(6) deposition on Matter No. 10.

### L.    Matter No. 11

Matter No. 11 of the Notice of Deposition seeks testimony on the following: "The basis for The Farm, Inc.'s Cross Claim against Wyandot Center."[69]  Defendant objects to Matter No. 11 on the grounds that it "calls for legal conclusions and testimony that may be protected by attorney-client privilege."[70]  In support of its objections, Defendant argues that "[a] party is only required to provide the material or principal facts supporting a claim[, but] [a]s written, the matter is much broader than that with no outer limit."[71]

---

[67] Def.'s Objections, 9.

[68] Pls.' Resp. to Def. The Farm, Inc.'s Mot. for Protective Order (doc. 242), 13.

[69] Notice of Deposition, 5.  The Court notes that this issue may now be moot because Defendant's cross-claim against Wyandot Center was dismissed on February 5, 2009.  *See* Order (doc. 294).

[70] Def.'s Objections, 9.

[71] *Id.*

22

Plaintiffs clarify the testimony sought under Matter No. 11, stating that they seek "a corporate designee to testify about the factual basis for [Defendant's] cross-claim against the Wyandot Center."[72]  Plaintiffs further state that any objections based on attorney-client privilege or calling for a legal conclusion can be raised by Defendant during the deposition.

The Court finds that, with Plaintiffs' clarification, the outer limits of Matter No. 11 are identifiable and, thus, Plaintiffs have satisfied the reasonable particularity requirement of Fed. R. Civ. P. 30(b)(6).  Furthermore, while any objections based on attorney-client privilege or calling for a legal conclusion can certainly be raised during the Rule 30(b)(6) deposition, such objections do not constitute good cause to enter a protective order preventing a Rule 30(b)(6) deposition on Matter No. 11.  Accordingly, the Court finds that Defendant has failed to meet its burden to show good cause for entering a protective order and preventing a Rule 30(b)(6) deposition on Matter No. 11.

## M.      Matter No. 12

Matter No. 12 of the Notice of Deposition seeks testimony on the following: "All communications between The Farm, Inc. and Wyandot Center regarding the subject of the Cross Claim prior to the filing of the Cross Claim."[73]  Defendant objects to Matter No. 12 on the grounds that it is overly broad and vague as to time.  As explained above, Defendant's objection based on overbreadth is misplaced because such an objection is not a basis for entering a protective order under Rule 26(c).  Thus, the Court declines to enter a protective order based on this objection.

This leaves Defendant's objection based on vagueness as to time.  In response to Defendant's

---

[72] Pls.' Resp. to Def. The Farm, Inc.'s Mot. for Protective Order (doc. 242), 13.

[73] Notice of Deposition, 5.  The Court notes that this issue may now be moot because Defendant's cross-claim against Wyandot Center was dismissed on February 5, 2009.  *See* Order (doc. 294).

objection, Plaintiffs clarify Matter No. 12, stating, "This matter seeks a corporate designee to testify about the communications between [Defendant] and Wyandot Center concerning and specific to the alleged breach asserted in [Defendant's] cross-claim against Wyandot Center."[74]  Plaintiffs further clarify the time period covered by Matter No. 12, stating, "The time period for this matter [] runs from the time [Defendant] asserts Wyandot Center's alleged breach first occurred to the time it filed its cross-claim against Wyandot Center."[75]

The Court finds that, with Plaintiffs' clarification, Matter No. 12 is not vague as to time and, thus, Plaintiffs have satisfied the reasonable particularity requirement of Fed. R. Civ. P. 30(b)(6). Accordingly, the Court finds that Defendant has failed to meet its burden to show good cause for entering a protective order and preventing a Rule 30(b)(6) deposition on Matter No. 12.

## V.    CONCLUSION

For the foregoing reasons, Defendant The Farm, Inc.'s Motion for Protective Order (doc. 235) is denied.

**IT IS THEREFORE ORDERED** that Defendant The Farm, Inc.'s Motion for Protective Order (doc. 235) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 24th day of February 2009

s/ David J. Waxse

David J. Waxse

U.S. Magistrate Judge

---

[74] Pls.' Resp. to Def. The Farm, Inc.'s Mot. for Protective Order (doc. 242), 13.

[75] *Id.*, at 13-14.

cc: All counsel and *pro se* parties