IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| P.S. and C.S., by their Guardians, | ) | |
| LINDA NELSON and RANDALL NELSON, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **07-CV-2210-JWL** |
| THE FARM, INC., ROY BARTRAM, JANET | ) | |
| BARTRAM, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is Plaintiffs' Fifth Motion to Compel (doc. 297).  For the reasons stated

below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

Defendant The Farm, Inc. ("Defendant") contracts with the Kansas Department of

Rehabilitation and Social Services ("SRS") to provide several services for children in SRS's

custody, including foster care placements.[1]  This is an alleged negligence case concerning the

placement of two foster children, Plaintiffs P.S. and C.S., with foster parents Defendants Roy and

Janet Bartram (the "Bartrams").[2]

Plaintiffs contend that Defendant maintained a licensing file on the Bartrams which

"contained a history of numerous and various complaints of sexual and physical abuse lodged

against the Bartram foster home,"[3] and that Defendant had actual knowledge of this history before

---

[1] *See* Pretrial Order (doc. 275) ("Pretrial Order"), 2-3.

[2] *See id.*, at 2-4.

[3] *Id.*, at 7.

placing Plaintiffs in the Bartram foster home.[4]  Plaintiffs further contend that Defendant "had full knowledge of the facts surrounding the Bartram home and that it presented a risk of danger to [P]laintiffs in that"[5] the Bartram licensing file indicated that there was an imminent danger from the then-teenaged son of the Bartrams and there was a history of complaints against the Bartram foster home including the then-pending complaint of sexual abuse by a foster child at the time Plaintiffs were placed in the Bartram home.[6]

Based on these contentions, Plaintiffs allege that Defendant was negligent in placing Plaintiffs in the Bartram foster home "without a safety plan or safeguards in place to protect [P]laintiffs from the risk of harm from the adopted then-teenage son residing in the Bartram home."[7] Plaintiffs further allege that Defendant's conduct was wanton because Defendant "had a reckless disregard or complete indifference to a known and obvious risk" in the Bartram foster home.[8] Plaintiffs also allege that Defendant's conduct in placing Plaintiffs in the Bartram foster home despite Defendant's "prior knowledge of the facts surrounding the Bartram foster home was so extreme and outrageous that it goes beyond all possible bounds of decency . . .."[9]

Plaintiffs served their Fourth Request for Production of Documents to Defendant The Farm, Inc. on November 17, 2008, which contains the document request at issue here - Document Request

---

[4] *See id.*

[5] *Id.*, at 9.

[6] *See id.*, at 9-10.

[7] Pretrial Order, 17.

[8] *Id.*, at 18.

[9] *Id.*, at 19.

No. 21.[10] Defendant provided its responses to Plaintiffs' fourth request for production of documents on January 15, 2009.[11]   Defendant objected to Document Request No. 21 on several grounds. Counsel for the parties then exchanged several emails discussing the document requests and Defendant's responses thereto, including Document Request No. 21.   Despite these numerous discussions, counsel for the parties were unable to resolve the discovery dispute.   Plaintiffs then filed their Motion on  February 6, 2009, seeking to compel Defendant to provide the documents responsive to Document Request No. 21.

## II.    CONFERRING REQUIREMENTS

"The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[12]   Therefore, before addressing the merits of Plaintiffs' Motion, the Court must determine whether Plaintiffs' counsel complied with the conferring requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[13]   Under Fed. R. Civ. P. 37, the movant is

---

[10] *See* Notice of Service of Disc. Reqs. (doc. 228).

[11] *See* Notice of Service of Def.'s Resp. to Pls.' Fourth Req. for Produc. of Docs. (doc. 259).

[12] D. Kan. Rule 37.2.

[13] Fed. R. Civ. P. 37(a)(1).

3

required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[14]  Similarly, D. Kan. Rule 37.2 requires the movant to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[15]  D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[16]

The purpose of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 is to "encourage resolving discovery disputes without judicial involvement."[17]  In determining whether the moving party has satisfied its duty to confer, the Court "looks beyond the sheer quantity of contacts.  It examines their quality as well."[18]

The Court has examined Plaintiffs' Certificate of Compliance (doc. 297) and the email communications between counsel for the parties attached as Exhibit 1 to Plaintiffs' Motion.  It appears to the Court that Plaintiffs' counsel attempted in good faith to confer with Defendant's counsel to resolve the various discovery disputes before filing the Motion.  The Court notes that the email communications between counsel for the parties indicate that the parties were able to resolve one of two discovery disputes before Plaintiffs filed this Motion.  The Court concludes that

---

[14] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[15] D. Kan. Rule 37.2.

[16] *Id.*

[17] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[18] *Id.*

4

Plaintiffs' counsel has satisfied the conferring requirements set forth in Fed. R. Civ. P. 37 and D. Kan. Rule 37.2. Having concluded that the conferring requirements were satisfied, the Court will address the merits of the Motion.

## III.   DOCUMENT REQUEST NO. 21

Document Request No. 21 seeks the case files for nine foster children placed in the Bartram foster home from 1998 to 2004 in the possession or control of Defendant.[19] Plaintiffs define the term "case file" as "the hard or electronic case file generated as a result of the placement of each foster child in the Bartram foster home from 1998 to 2004. This does not include case files generated as the result of placement of these same children in other foster homes."[20]

Defendant objects to Document Request No. 21 on the following grounds: (1) it seeks documents that are no longer in its possession or control, (2) it seeks irrelevant information, (3) it is cumulative or duplicative, (4) the burden or expense of the proposed discovery outweighs its likely benefit, (5) it seeks confidential information, (6) Judge Waxse's Order entered on October 2, 2008 regarding the *in camera* review of documents produced by SRS demonstrates that production of the case files would not be in the best interests of the children, and (7) Plaintiffs are on a fishing expedition.[21] The Court will address each of Defendant's objections in turn.

### 1.       Defendant's Possession Or Control of the Requested Documents

Defendant objects to Document Request No. 21 on the grounds that the requested case files

---

[19] *See* Pls.' Fourth Req. for Produc. of Docs. to Def. The Farm, Inc. (doc. 298-2), 3.

[20] *See id.*, at 3.

[21] *See* The Farm, Inc.'s Resp. to Pls.' Fifth Mot. to Compel (doc. 310).

are not in its possession or control.  While attempting to resolve this discovery dispute, Defendant's counsel informed Plaintiffs' counsel that, although Defendant did not have possession of the requested case files, Defendant did have possession of some records concerning the children identified in Document Request No. 21, including billing or financial information, mental health records, and interstate compact/court pleadings.  Plaintiffs seek to compel Defendant to produce the requested case files which, according to Plaintiffs, include these additional documents identified by Defendant's counsel.  The Court will first address the issue of whether the requested case files are in Defendant's possession or control and will then determine whether the additional records identified by Defendant are part of the requested case files and therefore responsive to Document Request No. 21.

### a. Case Files

Having reviewed Defendant's initial objections to Document Request No. 21, Defendant's response to Plaintiffs' Motion, and the email communications between counsel for the parties, it is not clear to the Court whether the case files are in Defendant's possession or control.[22]  In its initial objections to Document Request No. 21, Defendant did not affirmatively state that the requested case files were not in its possession or control, but rather claimed,

> [Defendant] does not maintain files for every child it places with a foster home after the child is adopted or reintegrated with his or her family.  For children under [Defendant's] reintegration or preservation contracts, SRS mandates that the child's file be returned to SRS when the child's case is closed.  Similarly, if [Defendant] received a child from another referring agency (and not as a result of its contract with

---

[22] On April 1, 2009, Plaintiffs' counsel emailed the Court and Defendant's counsel with a "supplemental exhibit," which consists of four pages of a deposition transcript wherein Defendant's counsel mentions the case files.  Plaintiffs' counsel did not file this "supplemental exhibit" as required by D. Kan. Rule 5.4.5.  However, the Court has reviewed this "supplemental exhibit" and concludes that it does not change the outcome of the Court's decision in this Order.

SRS), the child's file is often returned to the referring agency once the child's case is closed.  Because of the burden associated with looking for each of these files in [Defendant's] large body of case files, and because these files contain personal, confidential information concerning foster children that [P]laintiffs are not entitled to review, and because this request amounts to a fishing expedition by [P]laintiffs in the hopes of uncovering some evidence to support their claims and/or [P]laintiffs' counsel's endeavor to obtain new clients, [D]efendant objects to searching all [Defendant's] files for these requested case files and producing them to [P]laintiffs.[23]

Despite these initial objections, Defendant states in its response to Plaintiffs' Motion that it "did search its records to determine what, if any, records [Defendant] maintained on the children identified in [Document] Request No. 21."[24]  According to Defendant, through this search it was able to determine that Defendant did not have any of the case files requested in Document Request No. 21.[25]  Defendant claims that its counsel then communicated with Plaintiffs' counsel and informed Plaintiffs' counsel that Defendant did not have possession or control of the requested case files.  This claim is supported by the email correspondence attached as Exhibit 1 to Plaintiffs' Motion.

However, later in its response to Plaintiffs' Motion, Defendant states, "If [P]laintiffs' [M]otion is granted, [Defendant] will have to conduct another search to confirm that the case files are not in [Defendant's] possession."[26]  The Court does not understand why Defendant believes it will have to conduct another search to confirm that the case files requested by Document Request No. 21 are not in its possession or control.  Defendant's counsel informed Plaintiffs' counsel that Defendant did not have possession or control of these documents, so there should not be any need to conduct another search.  It appears to the Court that Defendant may have meant that it would feel

---

[23] Def.'s Resps. to Pls.' Fourth Req. for Produc. of Docs. (doc 298-3), 4.

[24] The Farm, Inc.'s Resp. to Pls.' Fifth Mot. to Compel (doc. 310), 3.

[25] *See id.*

[26] *Id.*, at 6-7.

compelled to conduct yet another search of its records if the Court were to grant Plaintiffs' Motion and order such a search.  However, the Court cannot assume that this is what Defendant meant. Consequently, the Court finds that it is not clear whether Defendant's counsel conducted a reasonable inquiry before emailing Plaintiffs' counsel and informing Plaintiffs' counsel that Defendant did not have possession or control of the case files requested in Document Request No. 21.

Accordingly, the Court sustains Defendant's objection in part and overrules it in part.  Within 20 days of the date of the entry of this Order, Defendant must supplement its response to Document Request No. 21 and affirmatively state whether the requested case files are in its possession or control.  In doing so, Defendant's counsel should be sure to comply with Fed. R. Civ. P. 26(g). Under Fed. R. Civ. P. 26(g)(1), every discovery response or objection must be signed by at least one attorney of record in the attorney's own name.  By signing, the attorney "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" the response or objection is consistent with the Federal Rules of Civil Procedure, not made for any improper purpose, and not unreasonable.[27]  Defendant's counsel's "duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances.  It is an objective standard similar to the one imposed by Rule 11."[28]

If any of the requested case files are in Defendant's possession or control, the Court will, for

---

[27] Fed. R. Civ. P. 26(g)(1)(B)(i)-(iii).

[28] *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357 (D. Md. 2008) (quoting Fed. R. Civ. P. 26(g) advisory committee's notes to the 1983 amendments) (quotations omitted).

the reasons stated below, overrule Defendant's remaining objections to Document Request No. 21 and require Defendant to produce those case files to Plaintiffs. If none of the requested case files are in Defendant's possession or control, then Defendant need not produce any documents to Plaintiffs in response to Document Request No. 21 because the Court cannot order Defendant to produce documents that are not in its possession or control.

### b. *Additional Records*

While counsel for the parties exchanged emails in an attempt to resolve this discovery dispute, Defendant's counsel informed Plaintiffs' counsel that Defendant did not have the requested case files, but did have possession of some records concerning the children identified in Document Request No. 21, including billing or financial information, mental health records, and interstate compact/court pleadings. Defendant's counsel informed Plaintiffs' counsel that these documents were not the requested case files and, therefore, were not responsive to Document Request No. 21. Defendant's counsel states that she informed Plaintiffs' counsel of the existence of these documents in an effort to persuade Plaintiffs' counsel that no motion to compel was necessary.

Plaintiffs argue that the documents identified by Defendant must have come from the requested case files and therefore should be produced. According to Defendant, however, these records are not the requested case files and, therefore, they are not responsive to Document Request No. 21. The Court agrees with Defendant. Plaintiffs defined case files as the file generated as a result of the placement of a foster child in the Bartram foster home. Defendant has made it clear that these documents are not the case files for these children and do not meet Plaintiffs' definition of case file. Thus, the Court finds that the billing or financial information, mental health records, and interstate compact/court pleadings that are in Defendant's possession are not responsive to

Document Request No. 21 and therefore need not be produced by Defendant to Plaintiffs.

## 2.   Relevance

Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .."[29]   "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the subject matter to the action."[30]

> When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[31]

Conversely, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to show the discovery relevant."[32]

Document Request No. 21 seeks the case files of children, other than Plaintiffs, who were placed in the Bartram foster home between 1998 and 2004.  Defendant argues that the relevance of the requested case files is not apparent and, therefore, that Plaintiffs have the burden of showing the relevancy of Document Request No. 21.  The Court agrees that the relevance of the case files for children other than Plaintiffs is not readily apparent.  Consequently, Plaintiffs, as the proponents of

---

[29] Fed. R. Civ. P. 26(b)(1).

[30] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 685-86 (D. Kan. 2000)(citing *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

[31] *Etienne*, 185 F.R.D. at 656-57 (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)) (quotations omitted).

[32] *Id.*, at 657 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

the discovery, have the burden of establishing the relevance of the requested case files.

In support of their argument that the requested case files are relevant, Plaintiffs claim that the case files identified in Document Request No. 21 are the case files for nine children placed in the Bartram foster home before Plaintiffs who either corroborate the confession of the Bartram's then-teenaged son of abuse or who the discovery indicates were victims of abuse while residing the Bartram foster home. Plaintiffs have alleged that Defendant had full knowledge of the facts surrounding the Bartram foster home and that it presented a risk of danger to Plaintiffs before Defendant placed Plaintiffs in the Bartram foster home.[33] Plaintiffs have also alleged that Defendant's conduct in placing Plaintiffs in the Bartram foster home despite this knowledge constitutes wanton and outrageous conduct.[34] Plaintiffs argue that the requested case files are relevant because they may lead to admissible evidence concerning Defendant's alleged reckless disregard of the risk of danger in placing Plaintiffs in the Bartram foster home.[35]

The Court is persuaded by Plaintiffs' arguments. It appears to the Court that the requested case files may lead to admissible evidence regarding Defendant's knowledge of the Bartram foster home before Defendant placed Plaintiffs in the Bartram foster home, which is relevant to Plaintiffs'

---

[33] *See* Pretrial Order, 7, 9-10, and 17-19.

[34] *See id.*

[35] Defendant argues that Plaintiffs' allegations of "reckless disregard" were not pled in Plaintiffs' First Amended Complaint (doc. 152) and therefore should not be considered to determine the relevancy of Document Request No. 21. Defendant also claims that it has a motion for summary judgment pending on the never before pled allegations. However, Plaintiffs' First Amended Complaint was superseded by the Pretrial Order (doc. 275), which was entered on January 30, 2009, and, although it is not clear which of Defendant's six motions for summary judgment Defendant is referring to, it is clear that Judge Lungstrum has not yet ruled on any of Defendant's pending motions for summary judgment. Thus, the Court looks to the Pretrial Order to find the contentions and allegations in this case for the purpose of determining the relevancy of Document Request No. 21.

allegations of Defendant's wanton and outrageous conduct. Accordingly, the Court overrules Defendant's relevance objection.

### 3.      Cumulative/Duplicative

Defendant argues that even if the case files are relevant, Fed. R. Civ. P. 26(b)(2)(C) places limits on relevant discovery when "the discovery sought is unreasonably cumulative or duplicative . . .."[36] As the party resisting the discovery based on an assertion that the discovery is unreasonably cumulative or duplicative, Defendant has the burden to show facts justifying its objection.[37] Defendant claims that Document Request No. 21 seeks the same information as Document Request No. 4, which Defendant responded and objected to on January 2, 2008. Defendant argues that if Plaintiffs did not agree with Defendant's objections to Document Request No. 4, then Plaintiffs should have filed a motion to compel within the 30 days required by D. Kan. Rule 37.1(b) instead of serving Document Request No. 21.

The Court is not persuaded by Defendant's arguments that Document Request No. 21 is unreasonably cumulative or duplicative. First, there is no indication that Defendant actually produced any documents in response to Document Request No. 4. Second, Document Request No. 21 is sufficiently different from Document Request No. 4 because Plaintiffs significantly narrowed the scope of the request. Unlike Document Request No. 4, which seeks any complaints for a ten year time frame, Document Request No. 21 seeks the case files for the nine foster children who Plaintiffs believe were abused in the Bartram foster home from 1998 to 2004, before Plaintiffs were

---

[36] Fed. R. Civ. P. 26(b)(2)(C)(i).

[37] *See Spieker v. Quest Cherokee, LLC*, No. 07-1225-EFM, 2008 WL 4758604, at *3 (D. Kan. Oct. 30, 2008); *Western Res., Inc. v. Union Pacific R.R. Co.*, No. 00-2043-CM, 2002 WL 1822432, at *4 (D. Kan. July 23, 2002) (citation omitted).

placed in the Bartram foster home. The Court therefore concludes that Document Request No. 21 is not unreasonably cumulative or duplicative. Accordingly, the Court overrules this objection.

### 4.        Burden Or Expense Outweighs Any Benefit

Defendant also argues that even if the requested case files are relevant, Fed. R. Civ. P. 26(b)(2)(C) limits relevant discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[38] Defendant, as the party resisting discovery, "must demonstrate that the time or expense involved in responding to requested discovery is unduly burdensome."[39] In so doing, Defendant must "provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure which would be required to produce the requested documents. This information is necessary to enable the Court to determine the burden imposed by the discovery."[40] Defendant argues that the burden of conducting a search to confirm that the requested case files are not in its possession "will use resources that are unreasonable to expend."[41] Defendant further argues that the requested case files "will not help with the progression of the case, focus the issues for trial, or help the parties work toward resolution of the matter."[42]

---

[38] Fed. R. Civ. P. 26(b)(2)(C)(iii).

[39] *Williams v. Bd. of County Comm'rs of the Unified Gov't of Wyandotte County*, No. 98-2485-JTM, 2000 WL 1475873, at *1 (D. Kan. Aug. 14, 2000); *see also Apsley v. Boeing Co.*, No. 05-1368-MLB, 2007 WL 3120712, at *2 (D. Kan. Oct. 24, 2007).

[40] *Williams*, 2000 WL 1475873, at *1.

[41] The Farm, Inc.'s Resp. to Pls.' Fifth Mot. to Compel (doc. 310), 7.

[42] *Id.*

The Court is not persuaded by this argument.  Rather than providing specific details and information as to the burden or expense of the proposed discovery, Defendant makes conclusory statements that the discovery will use resources that are unreasonable to expend and the discovery will not assist in the progression of the case.  Such conclusory statements are not enough to establish that the burden or expense of the discovery outweighs its likely benefit, especially in light of the fact that the Court has concluded that the proposed discovery is relevant.  Accordingly, the Court overrules Defendant's objection that the burden or expense of the discovery outweighs its likely benefit.

### 5.    Confidentiality

Defendant objects to Document Request No. 21 on the grounds that Defendant is contractually obligated to protect the confidentiality of the requested case files and Defendant "would not be honoring its contractual obligations if it handed over personal, confidential information to persons that have a history of mismanaging and failing to protect the confidentiality of information they receive."[43]  According to Defendant, "Plaintiffs' and their counsel's ability to maintain the confidentiality of [Plaintiffs'] records, as well as records of other children placed in the Bartram home, has been a constant concern for [Defendant] and its counsel."[44]  Defendant points out that in support of Plaintiffs' Motion, Plaintiffs' counsel attached documents produced to Plaintiffs by Defendant which contain the full names and birth dates of minor children.[45]  Plaintiffs respond by claiming that Plaintiffs' counsel took steps right away to correct the mistake by emailing

---

[43] *Id.*, at 4.

[44] *Id.*

[45] The Court has already instructed the Clerk's Office to seal these documents so as to protect the minor children identified in these documents.

the Court with a redacted exhibit within a few days of filing the unredacted documents.  Plaintiffs also point out that the confidentiality of the case files would be protected by the Protective Order (doc. 18) entered by the Court on October 31, 2007.

The fact that the requested case files may be confidential does not make them privileged.[46]  Thus, Defendant's confidentiality objection does not shield the requested case files from discovery.[47]  "Although information is not shielded from discovery on the sole basis that the information requested is confidential, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information."[48]  Here, the parties already have a protective order in place which protects the disclosure of confidential information, including the case files requested by Document Request No. 21.[49]  Accordingly, the Court overrules Defendant's confidentiality objection.

While the failure to redact personal identifiers of minor children is particularly troubling in this case, it is not sufficient to prohibit the production of documents responsive to Document Request No. 21 to Plaintiffs.  Although the Court has previously done so,[50] the Court again reminds Plaintiffs' counsel that under D. Kan. Rule 5.4.14, "parties shall refrain from including, or shall partially redact where inclusion is *necessary*, the following personal data identifiers from all

---

[46] *See Doebele v. Sprint Corp.*, No. 00-2053-KHV, 2001 WL 1718259, at *7 (D. Kan. June 5, 2001).

[47] *See id.*

[48] *Id.*

[49] *See* Protective Order (doc. 18).

[50] *See* Order (doc. 194) (requiring counsel for the parties to review all documents filed with the Court and redact all personal data identifiers, and instructing the parties to comply with D. Kan. Rule 5.4.14).

pleadings filed with the court, including exhibits thereto[:] . . . (b) Names of Minor Children . . . [and] (c) Dates of Birth . . ."[51]  While the Court does not see why it was necessary for Plaintiffs to file documents produced by Defendant in response to discovery requests that are not at issue in Plaintiffs' Motion, the Court will not impose any sanctions at this time.

### 6.    Judge Waxse's Order (doc. 220) entered on October 2, 2008

Defendant objects to Document Request No. 21 based on Judge Waxse's October 2, 2008 Order (doc. 220) regarding the Court's *in camera* inspection of documents that were provided to the Court pursuant to the Agreed Protective Order (doc. 93).  Under the Agreed Protective Order, SRS delivered to the Court agency records responsive to the several subpoenas served by Plaintiffs and Defendant on SRS for an *in camera* inspection by the Court.  Plaintiffs, Defendant, and SRS incorporated the standard set forth in K.S.A. § 38-2212(e) in the Agreed Protective Order, and agreed the Court would review the agency records to determine (a) whether disclosure of the agency records is in the best interests of the child who is the subject of the agency record, or (b) whether the agency records are necessary for the proceedings of the court and otherwise admissible as evidence.  The Court then conducted an *in camera* inspection of SRS's agency records using this standard agreed to by the parties, and determined that it had no basis for requiring disclosure of agency records wherein children other than Plaintiffs were the subject of the record.  Consequently, the Court did not require disclosure of those agency records.

Defendant objected to Document Request No. 21 on the grounds that "Judge Waxse in his October 2, 2008 ruling" already determined that "the disclosure of such records is not in the best interests of the child who is the subject of the requested case file[s] and the records are not necessary

---

[51] D. Kan. Rule 5.4.14 (emphasis added).

for the proceedings and otherwise admissible as evidence."[52]   Defendant argues that the reasoning applied by the Court in the October 2, 2008 Order (doc. 220) to determine whether SRS's agency records should be produced should apply to the case files maintained by Defendant.

Defendant's reliance on the October 2, 2008 Order is misplaced for two reasons. First, in that Order (doc. 220), the Court concluded that it did not have *any basis* for determining that disclosure of the agency records of the children other than Plaintiffs (a) was in the best interests of those children or (b) that these agency records were necessary for the proceedings of the court and were otherwise admissible as evidence.  Here, the Court has already concluded that Plaintiffs have shown the relevance of the requested case files.   Second, and more importantly, the Court applied the standard set forth in K.S.A. § 38-2212(e) because SRS, Plaintiffs and Defendant agreed that this standard should be applied to SRS's agency records.   There is nothing which requires the Court to apply this standard to the case files maintained by Defendant.   Consequently, the Court overrules Defendant's objection.

### 7.   Fishing Expedition

Defendant argues that Document Request No. 21 constitutes a fishing expedition.   In support of this argument, Defendant claims that Plaintiffs have changed their factual allegations and relevance arguments over time depending on the discovery request.   Defendant also states that it fears Plaintiffs' counsel will attempt to use the requested case files to obtain new clients.

The Court is not persuaded by Defendant's arguments that Plaintiffs are conducting a fishing exhibition through Document Request No. 21.  The Court has already concluded that the allegations that matter for determining the relevancy of Document Request No. 21 are contained in the Pretrial

---

[52] Def.'s Resps. to Pls.' Fourth Req. for Produc. of Docs. (doc. 298-3), 4.

Order (doc. 275), which was entered on January 30, 2009, and which supersedes all prior pleadings and controls the subsequent course of this case.[53]  The Court has also already concluded that the requested case files are relevant because they may lead to admissible evidence regarding Defendant's knowledge of the Bartram foster home before Defendant placed Plaintiffs in the Bartram foster home.  Accordingly, the Court overrules Defendant's objection that Plaintiffs are simply conducting a fishing exhibition.

## IV.   EXPENSES

Plaintiffs and Defendant each ask the Court to award their reasonable expenses incurred in connection with the Motion pursuant to Fed. R. Civ. P. 37.     Fed. R. Civ. P. 37 provides in pertinent part that if the motion to compel discovery is granted in part and denied in part, as is the case here, the court may "apportion the reasonable expenses for the motion."[54]  Accordingly, the Court orders each party to bear its own expenses incurred in connection with the Motion.

## V.   CONCLUSION

It is not clear whether Defendant's counsel conducted a reasonable inquiry before emailing Plaintiffs' counsel and informing Plaintiffs' counsel that Defendant did not have possession or control of the case files requested in Document Request No. 21.  The Court therefore sustains in part and overrules in part Defendant's objection that the documents are not in its possession or control. Within 20 days of the date of the entry of this Order, Defendant must supplement its response to Document Request No. 21 and affirmatively state whether the requested case files are in its

---

[53] *See supra* note 34.

[54] Fed.R.Civ.P.37(a)(5)(C).

possession or control.  In doing so, Defendant's counsel should be sure to comply with Fed. R. Civ. P. 26(g).

The Court has overruled all of Defendant's other objections to Document Request No. 21. Consequently, if any of the requested case files are in Defendant's possession or control, Defendant shall produce those case files to Plaintiffs.  If none of the requested case files are in Defendant's possession or control, then Defendant need not produce any documents to Plaintiffs in response to Document Request No. 21 because the Court cannot order Defendant to produce documents that are not in its possession or control.

For the foregoing reasons, Plaintiffs' Fifth Motion to Compel (doc. 297) is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Plaintiffs' Fifth Motion to Compel (doc. 297) is granted in part and denied in part.  **Within 20 days** of the date of the entry of this Order, Defendant shall supplement its response to Document Request No. 21 and affirmatively state whether the requested case files are in its possession or control.  In doing so, Defendant's counsel must comply with Fed. R. Civ. P. 26(g).

If any of the case files requested by Document Request No. 21 are in Defendant's possession or control, Defendant shall produce those case files to Plaintiffs **within 20 days** of the date of the entry of this Order.  Such production shall take place at the offices of Plaintiffs' counsel or at any other location agreed upon by the parties.

If none of the case files requested by Document Request No. 21 are in Defendant's possession or control, then Defendant need not produce any documents to Plaintiffs in response to Document Request No. 21.

**IT IS FURTHER ORDERED** that each party shall bear its own expenses incurred in connection with the Motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of April 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties